Jack R. **BOYTER**, Appellant,

v.

**MCR CONSTRUCTION CO.**, Appellee.

No. 05–83–00742–CV.

Court of Appeals of Texas, Dallas.

June 15, 1984.

Rehearing Denied July 31, 1984.

---

Diamond J. Pantaze, Dallas, for appellant.

Steve Brutsche, Rhodus, Jones & Brutsche, Charles L. Thoeming, Rhodus, Jones & Brutsche, Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

ALLEN, Justice.

Jack Boyter appeals from a summary judgment in favor of MCR Construction Co. rescinding a contract between Boyter and MCR. We agree with Boyter's contention on appeal that MCR failed to establish its case as a matter of law. Consequently, we reverse and remand.

MCR and Boyter entered into a written contract in July 1982 under which Boyter agreed to provide subcontracting materials and services to prepare sites for factory built homes and to install the homes. MCR agreed to pay Boyter the difference between a budgeted amount of $93,700 and the actual costs incurred. About one month later MCR terminated the contract, citing Boyter's failure to maintain proper insurance, failure to disclose all subcontracts and purchase orders, and other reasons. Several days after termination of

the contract, Boyter sent MCR an invoice for the amount Boyter claimed MCR owed him on the contract. The invoice itemized the services Boyter claimed to have performed, the budget amount for those services, the actual cost of the services, and the difference between the two, which was the amount Boyter claimed he was owed for each item. The sum total of Boyter's claims for all items amounted to $22,055.00.

MCR sued Boyter, alleging breach of contract, breach of fiduciary duty, and fraud, and seeking a declaratory judgment of rescission. MCR sent Boyter a request for admissions which demanded that Boyter answer "within a period of ten (10) days after the delivery of this Request" or have the requests deemed admitted. Boyter did not answer the request for admissions until 86 days past the day he had received them and at a time after MCR had filed its motion for summary judgment. The trial court disregarded Boyter's answers to MCR's requests, deemed admitted the admissions sought by MCR, and rendered a summary judgment in favor of MCR. The judgment granted MCR rescission of the contract and declared that Boyter had no enforceable rights under the contract, inasmuch as MCR was entitled to offsets and credits exceeding the amount Boyter had claimed due from MCR. The trial court also awarded MCR attorney's fees and costs.

■ Boyter contends that the trial court abused its discretion in deeming MCR's requests admitted, since MCR's designation of "within ten (10) days" as the time for responding was not in accordance with TEX.R.CIV.P. 169 and was therefore defective. Rule 169 does provide that the period for response to be designated in the request shall be "not less than ten days after the delivery thereof," hence it has been held that requests demanding responses "within ten days" are defective. *Taylor v. Lewis,* 553 S.W.2d 153, 160 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Bynum v. Shatto,* 514 S.W.2d 808, 810–12 (Tex.Civ.App.—Corpus Christi 1974, no writ). However, the courts in *Bynum* and *Taylor* did

not hold that the requests for admissions were void, nor did they hold that the requested admissions could not be deemed admitted. Each of the cases merely held that, in light of the defective requests, the trial courts did not abuse their discretion in *refusing* to deem the matters admitted. This holding is in accord with the general principle that the trial court has considerable discretion in deciding whether to apply the sanctions authorized by rule 169, *Mathes v. Kelton,* 565 S.W.2d 78, 81–82 (Tex.Civ.App.—Amarillo 1977), *aff'd on other grounds,* 569 S.W.2d 876 (Tex.1978) (although the exercise of discretion is unnecessary when there is a failure to answer non-defective requests in the time allotted, *see Packer v. First Texas Savings Association of Dallas,* 567 S.W.2d 574, 575 (Tex. Civ.App.—Eastland 1978, writ ref'd n.r.e.)). Following that same principle, we hold that the trial court in this case had the discretion to deem the requests admitted (except for two of the requests which we shall discuss below).

Boyter did not answer the requests until 86 days after he had received them, more than a month after the filing of MCR's motion for summary judgment—a far more serious failure to respond than in *Bynum,* where the appellant was four days late, or even in *Taylor,* where the appellant was eleven days late. Moreover, Boyter never moved for an extension of time to answer, even after he had been apprised that MCR was basing its summary judgment motion on the admissions it had requested. Given Boyter's lack of due diligence, the trial court acted properly on the admission requests—with, however, the exception of two admission requests.

■ Request number 20(b) states "Plaintiff in fact relied upon such misrepresentation in entering into the Agreement." Request number 36 states "The Plaintiff relied upon your representations as to your ability and expertise in entering into the agreement with you." These requests seek an admission from Boyter (the defendant) concerning plaintiff's state of mind, since reliance on a representation involves

belief in and action upon the representation. *See Texas Employers Insurance Association v. Kelly,* 261 S.W.2d 480, 483 (Tex.Civ.App.—Galveston 1953, no writ). Requests for admissions directed to one party concerning another's state of mind seek to elicit inadmissible opinions and cannot be deemed admitted. *Taylor v. Lewis,* 553 S.W.2d at 161.

■ Boyter also contends, however, that MCR has not established its case as a matter of law, even with the requests deemed admitted. We agree.

■ Rescission is an equitable remedy which may be granted upon a number of possible grounds, such as fraud, *Chenault v. County of Shelby,* 320 S.W.2d 431, 433 (Tex.Civ.App.—Austin 1959, writ ref'd n.r. e.), or breach of an executory contract in a material part, *Ennis v. Interstate Distributors Inc.,* 598 S.W.2d 903, 906 (Tex.Civ. App.—Dallas 1980, no writ). MCR has pleaded both fraud and breach of contract.

■ To be entitled to the equitable remedy of rescission, however, a party must show either (1) that he and the other party are in the *status quo, i.e.,* that he is not retaining benefits received under the instrument without restoration to the other party, *Texas Co. v. State,* 154 Tex. 494, 281 S.W.2d 83, 91 (1955); *Freyer v. Michels,* 360 S.W.2d 559, 562 (Tex.Civ.App.—Dallas 1962, writ dism'd), or (2) that there are special equitable considerations that obviate the need for the parties to be in the *status quo, Turner v. Agricultural Credit Corp.,* 601 S.W.2d 61, 65 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ); *see also Texas Employers Insurance Association v. Kennedy,* 135 Tex. 486, 143 S.W.2d 583, 585 (1940). MCR made no attempt in its summary judgment motion to demonstrate special equitable considerations that would warrant rescission even if the parties were not in the *status quo.* Rather, it attempted to establish that it and Boyter were in the *status quo* by attempting to prove that it was entitled to offsets in excess of the $22,055.00 that Boyter had claimed in his invoice. To this end, it cited deemed admis-

sions which contradicted a number of the itemized claims in Boyter's invoice and which ceded to MCR other offsets as well. We have examined these admissions, and we find that the admissions establishing determinable offsets against the claims on Boyter's invoice add up to only $14,372.00. (There are some admissions indicating generally that MCR is entitled to certain other offsets, but the dollar amount of these offsets in indeterminable.) In addition to these offsets contradicting claims on the invoice, MCR asserted that it was entitled to an additional $9,000.00 in offsets. These latter asserted offsets were based on two admissions, one stating that the "reasonable cost" of the gravel work Boyter had failed to complete was $4,000.00, and one stating that the "reasonable value" of the factory warranty work Boyter had failed to provide was $5,000.00. These admissions do not show that MCR is entitled to offsets for these amounts. There is no summary judgment proof indicating that Boyter had ever made a claim for these amounts or that MCR had already paid these amounts over to Boyter. The "reasonable cost" or "reasonable value" of the work Boyter promised to do, but failed to do, is instead relevant to the question of damages for Boyter's breach of contract. Generally, rescission excludes recovery under the contract, *Dixon v. Brooks,* 604 S.W.2d 330, 334–335 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); hence, MCR cannot offset these alleged contractual damages against Boyter's claims in order to establish its right to rescission.

We reverse the judgment and remand the cause for a full trial on the merits.