Edward ESPARZA, Appellant,

v.

Sgt. Juan DIAZ, et al., Appellees.

No. C14–89–01086–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 1990.

Edward Esparza, Tennessee Colony, pro se.

David C. Payne, Austin, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## CORRECTED OPINION

ELLIS, Justice.

This is an appeal from the dismissal of appellant's pro se in forma pauperis action as frivolous under § 13.001 TEX.CIV. PRACTICES ANND. REMEDIES CODE (Vernon Supp. 1989). We affirm.

Appellant, Edward Esparza, an inmate in the Institutional Division of the Texas Department of Criminal Justice, brought suit "pro se" and "in forma pauperis" against Sgt. Juan Diaz and unidentified others for an alleged violation of appellant's civil rights. Appellant brought this civil action under the auspices of Article 39.021 of the Texas Penal Code. (Vernon 1989). Upon motion of the appellees, the trial court dismissed appellant's cause of action as frivolous. This appeal follows.

In two assignments of error, appellant contends the trial court abused its discretion because: (1) the trial court granted appellees' motion to withdraw admissions over appellant's objection; and (2) the trial court dismissed appellant's action as frivolous.

■ As to appellant's complaint that the trial court withdrew appellee's admissions before trial, we find no abuse of discretion. Rule 169(2) of the Texas Rules of Civil Procedure and extensive precedent clearly allows the trial court to allow withdrawal of admissions where there is no undue prejudice to the party relying upon the admissions. Rule 169(2) reads:

The court may permit withdrawal or amendment of responses or deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds the parties relying upon the responses will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby.

■ The Rules of Civil Procedure allow for liberal construction in evaluating the withdrawal prerequisites of Rule 169, Tex.R.Civ.Proc. Cf. *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206 (1950) (court declined to deem matter admitted where defendant substantially complied with rule). The objective of the Texas Rules of Civil Procedure is to obtain a just, fair, equitable, and impartial adjudication of the rights of the litigants. Tex.R.Civ.Proc. § 1 (Vernon 1979). *Bynum v. Shatto,* 514 S.W.2d 808, 811 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); see also *Durrett v. Boger,* 234 S.W.2d 898 (Tex.Civ. App.—Texarkana 1950, no writ).

■ It is well settled that the policy which underlies Rule 169 is to provide a method for simplification of uncontested matters. As recently summarized:

*Rule 169* was not promulgated as an unwary encumbrance or entrapment to defeat the presentation of the relevant, bona fide testimony and evidence in a full hearing concerning ultimate, controlling material fact issues. *Rule 169* is not to be employed to defeat a search for the truth. Basically, *Rule 169* is an imple-

ment for fair disposition of factual matters that could be and would be agreed to.

*Liberty Mutual Fire Insurance Co. v. Hayden,* 779 S.W.2d 877, 879 (Tex.Civ.App. —Beaumont 1989, writ granted); rev'd and remanded 786 S.W.2d 260 (Tex.1990); *see also Taylor v. Lewis,* 553 S.W.2d 153 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

■ Moreover, "A party may not be compelled to answer legal conclusions." *Gore v. Cunningham,* 297 S.W.2d 287, 291 (Tex.Civ.App.—Beaumont 1956, writ ref'd n.r.e.), or requests that call for conclusions, opinions, or statements of subjective intent. *White v. Watkins,* 385 S.W.2d 267, 269 (Tex.Civ.App.—Waco 1964, no writ).

■ Thus, answers which constitute admissions of law are not binding on a court and a party is not precluded from proving a fact necessary to its cause or defense. *American Title Co. v. Smith,* 445 S.W.2d 807, 809–10 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); *see also Taylor v. Lewis, supra,* 553 S.W.2d 153 (admission improper that inquires into another's state of mind); *Powell v. City of McKinney,* 711 S.W.2d 69 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (admission improper where it asks whether party wishes to pursue his cause of action); *Satterfield v. Huff,* 768 S.W.2d 839 (Tex.App.—Austin 1989, no writ) (admission improper if it concerns facts outside responding party's knowledge or it is concerns facts within trial court's discretion).

■ In the instant case, appellant's requests for admissions violated several aspects of the prohibition specified in the above-cited precedents. Requests Nos. 5, 7, 9, 11, 13, 14, 16, 19, and 21 all are improper in that they inquire into the state of mind of defendant, in violation of *Taylor v. Lewis, supra.*

Appellant Requests Nos. 12, 15, 17, 19, 20, and 22 all call for legal conclusions in violation of *Gore v. Cunningham, supra,* or call for conclusions, opinions, or statements of subjective intent, in violation of *White v. Watkins, supra.* It is clear that the trial judge acted properly in allowing

answers to these improper questions to be withdrawn.

Recently, an analogous case addressed the broad discretion trial courts possess to permit or deny withdrawal of deemed admissions. *Employers Insurance of Wausau v. Halton*, 792 S.W.2d 462 (Tex.App.—Dallas 1989, writ denied). In *Employers*, the Dallas Court of Appeals found that appellant made a sufficient showing of "good cause" under Rule 169 to warrant withdrawal of deemed admissions. Two points made by the court in *Employers* are directly germane to the case at hand.

First, the above cited "good cause" language was added to the rule by an amendment that took effect January 1, 1988. The remaining language has been part of the rule since 1973. The court distinguished cases interpreting Rule 169 prior to the 1988 amendment and stated that while "good cause" has now been adopted as the threshold standard for the withdrawal of deemed admissions, the reasoning focused on the answering parties' delinquency in taking no adequate action to correct the initial failure to timely respond. *See Eckman v. Centennial Savings Bank*, 757 S.W.2d 392 (Tex.App.—Dallas 1988, no writ); *Carry v. Clayton*, 715 S.W.2d 77 (Tex.App.—Dallas 1986, no writ); *Crime Control, Inc. v. RMH–Oxford Joint Venture*, 712 S.W.2d 550 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Texas Employers Inc. Ass'n v. Bragg*, 670 S.W.2d 712 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Trevino v. Central Freight Lines, Inc.*, 613 S.W.2d 356 (Tex.Civ.App.—Waco 1981, no writ).

Second, an analogy to Rule 320 and its language that "new trial may be granted and judgment set aside for *good cause* ..." is persuasive to interpreting Rule 169. The Court concluded that under Rule 320 even *slight excuse* will suffice especially where delay or prejudice would not result against the plaintiff." *Employers, supra*. The Court of Appeals carefully noted that in determining "whether a defendant's failure to timely answer was the result of accident or mistake, the controlling fact is the absence of a purposeful or bad faith failure to

answer." *Employers, supra* quoting *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Equally as important is the court's conclusion that even where negligence arose from mere accident or mistake, it was still insufficient to undermine the discretion afforded under either Rule 320 or Rule 169. *Employers*, at 466, referring to *Southland Paint Co. v. Thousand Oaks Racket Club*, 724 S.W.2d 809, 811 (Tex. App.—San Antonio 1988, writ ref'd n.r.e.); and *Evans v. Woodward*, 669 S.W.2d 154, 155 (Tex.App.—Dallas 1984, no writ). Nevertheless, the significant aspect of *Employers* is that where the plaintiff is not injured and the trial not delayed, even a slight excuse for the original failure to answer will suffice.

The instant case presents a scenario where the court was well within its discretion in allowing withdrawal of any deemed admissions. Appellee took adequate action to mitigate any initial delinquency in failing to respond to appellant's discovery requests. Appellee filed answers to appellant's request for admissions six months prior to judgment. Further, appellant has failed to show how the delay in responding to his request for admissions far in advance of trial resulted in any prejudice. There has also been no showing that the appellee's delay in answering the request for admissions was purposeful or a display of a "bad faith" failure to answer. The controlling aspect of appellant's request for admissions is that they were for the most part improper requests, and the trial court did not err in permitting the defendant's withdrawal.

The broad discretion normally afforded trial courts in permitting withdrawal of deemed admissions will be set aside only upon a showing of clear abuse. *Crime Control, Inc., supra*, at 552. An abuse of discretion occurs when a court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985). Again, appellant has failed to show how

the trial court abused its broad discretion in permitting the withdrawal of defendant's admissions. Appellant's point of error one is overruled.

In his second assignment of error, appellant complains that the trial court abused its discretion in dismissing his action as frivolous. Appellant's suit was for compensatory damages in the amount of one million dollars to compensate him for an alleged conspiracy by appellees which appellant claims ultimately resulted in appellant being wrongfully placed in Administrative Segregation while under confinement in the Ramsey II Unit of the Texas Department of Criminal Justice, Institutional Division. In his complaint, appellant alleged the following violations of his civil rights: Appellee Diaz maliciously accused appellant of an intimate relationship with one or more female employees on Ramsey II Unit; Appellee Diaz and his co-conspirators then fabricated evidence that appellant was a member of a prison gang known as the "Mexican Mafia," placing appellant's life in immediate and grave danger. Due to fabricated evidence of gang involvement, appellant has remained in Administrative Segregation since September 12, 1985 and his life has been in constant danger.

We find that the trial judge was correct and was acting within his judicial discretion when he dismissed appellant's petition as frivolous, pursuant to § 13.001(b) of the Texas Civil Practices and Remedies Code. This section was specifically designed for actions such as appellant's and was used appropriately.

Tex.Civ.Prac. & Rem.Code Ann. § 13.001 (Vernon Supp.1989) states as follows:

§ 13.001 DISMISSAL OF ACTION

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false: or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

■ The trial court has broad discretion in making this determination. *Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989), writ denied, 796 S.W.2d 705 (1990). Section 13.001 is analogous to 28 U.S.C. § 1915(d), the federal statute authorizing dismissal of frivolous or malicious allegations in forma pauperis suits in federal court. The fifth circuit discussed the rationale for dismissing frivolous in forma pauperis proceedings under § 1915(d):

Unlike most litigants, prisoners have everything to gain and nothing to lose by filing frivolous suits. Filing a suit in forma pauperis costs a prisoner little or nothing; time is usually of little importance to a prisoner and prisoners are not often deterred by the threat of possible sanctions for malicious or frivolous actions or perjury ... Thus, the temptation to file frivolous suits is strong, and these suits clutter up the federal courts, wasting scarce and valuable judicial resources, subjecting prison officials unnecessarily to the burdens of litigation and preventing prisoner suits with merit from receiving adequate attention.

*Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

The dismissal of appellant's action was correct in that his Petition violated the provisions of § 13.001(b). This recent act has been recently interpreted in the case of *Johnson v. Lynaugh,* 766 S.W.2d 393 (Tex. App.—Tyler 1989) writ denied, 796 S.W.2d 705 (1990). In *Johnson,* the Court examined the federal counterpart to Chapter 13, 28 U.S.C. § 1915(d), and interpreting case law from which Chapter 13 was derived. This law basically establishes a framework for dismissing frivolous pro se inmate

cases that have slight chance of ultimate success, no arguable basis in law or fact; or as to which plaintiff can prove no material facts in support of the claim. The court in *Johnson*, went on to cite the leading federal precedent, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986), and quoting it at length, stated "An early determination of the merits of an in forma pauperis" proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve)." *Green*, 788 F.2d at 1119, 1120. *Johnson, supra* went further to state: "We hold that the trial court should be allowed broad discretion when determining whether 'in forma pauperis' suits should be dismissed as frivolous." *Johnson*, at 394.

Thus, it is clear that the broad discretion for a dismissal as frivolous is upheld by state and federal case law and statutory provisions. The requirements for dismissal in regard to appellant's claim were met, and there was no abuse in judicial discretion by the presiding district judge.

■ As specified in appellees' motion to dismiss, appellant's complaint revolves around an alleged conspiracy. However, appellant showed no conspiracy. Further, even if a conspiracy were to be assumed, appellant showed no damages. The dismissed disciplinary case to which appellant refers as forming the basis of his conspiracy claim is not sufficient to prove any "conspiracy." Moreover, appellant's transfer to Administrative Segregation because appellant was identified as a gang member by an unnamed and unspecified employee of the Texas Department of Criminal Justice likewise fails to show any conspiracy.

■ As appellee stated in the motion to dismiss: (1) Appellant suffered no damages as the disciplinary case was not upheld against appellant. Therefore, there is no cause of action for this occurrence. (2) Appellant's removal from his job assignment was not a violation of any protected liberty interest, but rather pursuant to appellant's being identified as a member of an illegal prison gang, the "Mexican Mafia." This transfer was designed to preserve internal order, discipline and security within the prison. This was within the discretion of prison officials, as specified in *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

*Hay* stated:

When reviewing policies designed to preserve internal order, discipline and security at prison, courts should accord broad deference to prison administrators regarding reasonableness of the scope, manner, place and the justification for a particular policy ... If a policy is reasonably related to legitimate security objectives and there is no substantial evidence to indicate that prison officials have exaggerated their response to security considerations, courts should ordinarily defer to prison administrators' expertise.

*Hay v. Waldron*, 834 F.2d at 486.

■ Appellee further correctly stated that any claim against Sgt. Juan Diaz, acting in his official capacity, is shielded from liability by the doctrine of sovereign immunity. As an employee of the State of Texas, a suit against appellee in his official capacity is a suit against the State of Texas, and sovereign immunity applies. *Perry v. Texas A & I University*, 737 S.W.2d 106 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Bagg v. U.T. Medical Branch at Galveston*, 726 S.W.2d 582 (Tex.App.—Houston [14th Dist.] 1987, no writ).

■ Furthermore, the "individual capacity" claims by appellant are shielded by appellees' "official immunity." A government official who is sued in his "individual capacity" is entitled to immunity from suit and liability based on the doctrine of "official immunity" if the official status or action can be classified as quasi-judicial, the official acted in good faith, and the actions were within the scope of the official's authority. *Wyse v. Department of Public Safety*, 733 S.W.2d 224 (Tex.App.—Waco

1986, writ ref'd n.r.e.); *Austin v. Hale,* 711 S.W.2d 64 (Tex.Civ.App.—Waco 1986, no writ); *Baker v. Story,* 621 S.W.2d 639 (Tex. Civ.App.—San Antonio 1981, writ ref'd n.r. e.).

 Appellees' actions, in regards to the disciplinary case that appellant complained of, were quasi-judicial. The test for determining if the official's act is quasi-judicial centers on whether the act may be characterized as ministerial. A discretionary act may not form the basis for personal liability when the discretionary act is performed within the official scope of the employment and in good faith. *Austin v. Hale,* 711 S.W.2d 64 (Tex.App.—Waco 1986, no writ). An act is discretionary, when it calls for exercise of an official's judgment, or more specifically, when an official is "required to pass on facts and determine his actions by the facts found. *Torres v. Owens,* 380 S.W.2d 30, 34 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

 In writing up appellant on the disciplinary case, appellee Diaz was performing a discretionary act. Appellant made no showing of bad faith and the act of writing up a disciplinary report in regard to appellant was within appellee Diaz' authority. Thus, appellee Diaz is shielded from liability in his individual capacity by his official immunity.

 In addition, appellant failed to specifically allege that appellee Diaz was connected in any way with the identification of appellant as a gang member. It is possible the other unknown, unnamed appellees were those who allegedly identified appellant as a member of the "Mexican Mafia," but that would be a matter of internal administration and security within the prison. *See Hay v. Waldron, supra.* Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.