**LONDON MARKET COMPANIES, London Market Insurers and Keith William Kerr, Relators,**

v.

**The Honorable Michael D. SCHATTMAN, Judge, Respondent.**

**No. D–0758.**

Supreme Court of Texas.

June 12, 1991.

David P. Cotten, Kleber C. Miller, Fort Worth, Mary Ann D'Amato, New York City, John H. Cayce, Jr., Fort Worth, for relators.

Allison Moore, Richard A. Fierce, Dallas, Theodore R. Tetzlaff, Chicago, Ill., Ralph W. Duggins, Fort Worth, William A. Brasher, St. Louis, Mo., Luther Zeigler, Washington, D.C., H. Dustin Fillmore, Cary Dormann, Fort Worth, R. Lynn Fielder, Dallas, Clifford A. Lawrence, Jr., Innes Mackillop, Houston, Roland K. Johnson, Fort Worth, Robert R. Roby, Don Martinson, Dallas, Victor C. Rabinowitz, Los Angeles, Cal., Wayne B. Mason, William N. Hamilton, Dallas, Daniel D. Gartner, Houston, Jack D. Sides, Jr., Dallas, for respondent.

## OPINION

PER CURIAM.

This cause presents the question of whether a good faith belief in the existence of an oral agreement for an extension of time to file objections to discovery requests can serve as a basis for good cause in a motion for extension of time to file objections, pursuant to rule 166b(4), Tex. R.Civ.P. For the reasons set forth below, we hold that it cannot and therefore deny the petition for writ of mandamus.

Burlington Northern, Inc. and Burlington Northern Railroad Company ("Burlington") brought suit against the London Market Companies and London Market Insurers [1], Relators, and others to determine coverage under certain insurance policies. On July 28, 1989 Burlington served Relators with its first request for production of documents and first set of interrogatories. On December 15, 1989 Burlington served Relators with its second request for production of documents. Relators requested and were given nine separate extensions of time to file their responses to these requests. In each of these instances the extension was granted in writing, signed by counsel and filed with the trial court. The last written extension gave Relators until April 30, 1990 "to answer, object or otherwise respond" to Burlington's discovery requests.

Relators filed their answers and objections to the discovery sought by Burlington on December 7, 1990. Burlington promptly filed its motion to compel a complete response from Relators contending Relators had waived any objections they may have had to the requested discovery by their failure to timely file any written objections. Five days later Relators filed a response alleging an oral agreement between counsel to allow Relators to "take whatever time [they] needed" to complete their responses. Relators contend that this oral

---

1. Keith William Kerr is not a named party to this suit but is the representative of the London Market Companies and London Market Insurers. As the representative charged with compiling the requested records, Mr. Kerr has been named as a movant in the motions urged by the London Market Companies and the London Market Insurers regarding these discovery matters.

**552**

agreement constituted good cause for the late filing of their responses.

After a hearing, the trial court held that Relators' good faith belief that an oral agreement for an extension of time existed did not constitute good cause. Relators' motion for an extension of time was denied and Burlington's motion to compel a complete response to its discovery requests was granted. We granted Relators leave to file their petition for writ of mandamus to consider whether one party's good faith belief in the existence of a disputed oral agreement can serve as a basis for good cause in a motion for extension of time to file objections to discovery requests. Because we hold it cannot, we deny Relators' petition for writ of mandamus.

Rule 11 of our rules of civil procedure requires agreements between attorneys or parties concerning a pending suit to be in writing, signed and filed in the record of the cause to be enforceable. Once the existence of such an agreement becomes disputed, it is unenforceable unless it comports with these requirements. *Kennedy v. Hyde*, 682 S.W.2d 525, 530 (Tex.1984); Tex.R.Civ.P. 11. Relators seek to avoid the mandates of this rule through reliance on rule 166b, focusing on the subjective belief of only one party to the disputed agreement. Tex.R.Civ.P. 166b. Such an approach would undermine the purpose of rule 11, which is to avoid disputes over the existence or terms of an oral agreement between counsel. *See Kennedy*, 682 S.W.2d at 526–27.

Pursuant to rule 122, Tex.R.App.P., a majority of the court, without hearing oral argument, denies Relators' petition for writ of mandamus.