Lillian HOFFMAN and Helen Ruth Patchick, Appellants,

v.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION, Executor of the Estate of A.G. Hoffman, Deceased; Methodist Home; Texas Baptist Children's Home, Appellees.

No. C14–91–00546–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Opinion of May 21, 1992 Withdrawn. Substitute Opinion Filed Dec. 31, 1992.

Rehearing Denied Jan. 28, 1993.

Jerry K. Atkins, Houston, for appellants.

Sam H. Davis, Dallas, Beverly Willis Bracken, Waco, Ben H. Schleider, Jr., Douglas S. Lowry, Robert S. MacIntyre, Jr., Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION ON MOTION
## FOR REHEARING

DRAUGHN, Justice.

This is a summary judgment case. Lillian Hoffman and Helen Ruth Patchick appeal from a summary judgment granted in favor of appellees based on deemed admissions. Appellants raise two points of error claiming the trial court erred in (1) overruling their motions to set aside deemed admissions and to extend time to file responses to the request for admissions and interrogatories, and (2) rendering summary judgment because the requests for admissions are void ab initio and cannot support a summary judgment as a matter of law. Our original opinion was filed on May 21, 1992. In response to the motion for rehearing, we withdraw our opinion of May 21, 1992 and issue a new opinion affirming the trial court's judgment.

Appellee, Texas Commerce Bank National Association ("TCB"), filed an application to probate the will and holographic codicil of A.G. Hoffman, deceased, and to appoint TCB as independent executor of Hoffman's estate. Appellants filed suit opposing probate of this will and holographic codicil and opposing TCB's appointment as executor. Appellants alleged that the decedent lacked testamentary capacity and that the will and codicil were the result of undue influence. Methodist Home and Texas Baptist Children's Home, beneficiaries in the will and codicil, also filed applications to probate the will and codicil.

On December 3, 1990, TCB mailed its requests for admissions and interrogatories to appellants. The return receipt indicates that counsel for appellants received these requests on December 4, 1990. Identical requests and interrogatories were served upon all other parties. The request indicated that appellants had thirty days from the date of service to file its responses. Two other parties filed responses to ·these requests on January 2, 1991 and served copies upon TCB and appellants. On February 8, 1991, appellants filed a motion to set aside deemed admissions and to extend time to file responses to request for admissions and interrogatories. Attached to this motion was a proposed response to TCB's request. In the motion, appellants' counsel claimed there was good cause to strike the deemed admissions and interrogatories based on an alleged oral agreement with TCB's counsel that appellants could have additional time to respond.

On February 11, 1991, TCB filed a motion for summary judgment against appellants and other parties. On February 12, 1991, TCB filed a response to appellants' motion to set aside the deemed admissions. In this motion, TCB denied the alleged oral agreement to extend time for appellants to answer the request for admissions and attached an affidavit of counsel for TCB. TCB also claimed that under Rule 11 such agreements are not enforceable unless they are in writing. In addition to arguing that appellants did not meet the good cause requirement, TCB added that setting aside the deemed admissions would unduly prejudice TCB.

After a hearing held on March 11, 1991, the trial court rendered judgment, granting TCB's motion for summary judgment and ordering that appellants take nothing by way of their opposition and contest to the probate of the will and codicil and their contest to appointment of independent executor. The court made other findings, but these are not pertinent to this appeal.

◼ In point of error one, appellants claim the trial court abused its discretion in overruling their motions to set aside deemed admissions and to extend time to file responses to TCB's request for admissions and interrogatories. Rule 169 sets out the procedure regarding requests for admissions. This rule provides:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, within thirty days after service of the request, or within such time as the court may allow, or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of fifty days after service of citation and petition upon that defendant.

TEX.R.CIV.P. 169. Thus, a litigant must show (1) good cause to excuse the failure to timely respond; (2) the parties relying upon the deemed admissions will not be unduly prejudiced; and (3) the merits of the action will be subserved by granting the relief. The trial court has broad discretion ·in refusing or granting a motion ' of the non-answering party to permit the filing of an answer or denial to a request for admissions after the time therefor has expired. *Texas Employers' Ins. Ass'n v. Bragg*, 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The ruling by the trial court will be set aside only upon a showing of clear abuse. *Id.*

◼ In determining whether "good cause" exists, a panel of this court applied the case law interpreting the "good cause" requirement under Rule 320, which concerns when a trial court may grant a party's motion for new trial after rendition of a default judgment against that party. *See Esparza v. Diaz*, 802 S.W.2d 772, 776 (Tex. App.—Houston [14th Dist.] 1990, no writ). Under Rule 320, a movant must show that its failure to appear was merely an accident or mistake, that the motion was filed at a time when granting a new trial would not prejudice the opposing party, and that the motion sets up a meritorious defense.

*Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

 Under this standard, appellants must show that their failure to answer was not intentional or the result of conscious indifference, but was due to accident or mistake. *Craddock*, 133 S.W.2d at 126. In the motion to set aside deemed admissions and to extend time to file responses to request for admissions and interrogatories, appellants' showing of good cause consisted of their counsel's alleged oral agreement with counsel for appellee regarding an extension of time to file responses. Counsel for TCB denied the existence of any such agreement in the form of an affidavit filed with the trial court. In their motion to reconsider the order overruling the motion to set aside the deemed admissions, appellants reiterated the alleged oral agreement regarding an extension of time to respond to the request for admissions. Appellants also argued that there would be no surprise if the court struck the deemed admissions because appellants had been entirely consistent in their position that the will and codicil were invalid due to undue influence and lack of testamentary capacity. Finally, appellants contended that appellee would not be unduly prejudiced and the merits of the action would be preserved by the court overruling its previous order and striking the deemed admissions. Appellants' counsel attached his affidavit to this motion to reconsider describing the alleged oral agreement.

In *London Market Co. v. Schattman*, 811 S.W.2d 550, 552 (Tex.1991), the court held that one party's good faith belief in the existence of a disputed oral agreement for an extension of time is not good cause for the untimely filing of a response to discovery requests. In *Schattman*, the court noted that Rule 11 requires agreements between attorneys or parties concerning a pending suit to be in writing, signed, and filed with the court to be enforceable. *Id.* If the existence of such an agreement becomes disputed and the

agreement does not comport with the Rule 11 requirements, it is unenforceable. *Id.*

Appellants argue that *Schattman* is distinguishable because the movant in that case had sought nine extensions of time to file answers to discovery before the trial court denied the tenth extension based on a Rule 11 violation. *See id.* at 551–52. Here, appellants requested no extensions other than the disputed oral agreement for an extension. Furthermore, appellants claim that the movant in *Schattman* did not file a response to the discovery request until more than seven months after the response was due. *Id.* Appellants, on the other hand, filed a response as soon as their counsel realized the deadline had passed.

Although there are distinctions between the facts in *Schattman* and the facts in this case, the party in *Schattman* argued that good cause existed for its untimely responses based solely on an alleged oral agreement for an extension of time. Both the trial court and the appellate court addressing this issue found that an allegation of an oral agreement was insufficient to constitute good cause. *Id.* at 552. The *Schattman* opinion does not indicate that either court considered the previous extensions granted or the untimely responses in reaching their decision that an allegation of an oral agreement is not good cause for delay in responding to a discovery request. *Id.* Thus, the factual distinctions do not render the holding in *Schattman* inapplicable to this case.

Appellants argue that the facts of this case are more analogous to those in *Employers Ins. of Wausau v. Halton*, 792 S.W.2d 462 (Tex.App.—Dallas 1990, writ denied). In *Halton*, defendant's counsel asserted by affidavit that he had prepared handwritten responses to the discovery requests but inadvertently failed to have these draft responses transcribed, mailed, or filed. *Id.* at 463. These draft answers were attached to the motion to set aside the deemed admissions. *Id.* at 466 n. 1. Defendant's counsel learned of the failure to respond approximately two months after the due date and immediately contacted

plaintiff's counsel to explain his failure to respond and to request an extension of time to file responses. *Id.* at 463.

We disagree with appellants' reliance on *Halton.* Unlike the movant in *Halton,* appellants' counsel did not argue that the failure to respond to the requests for admissions was due to mistake or inadvertence. Appellants' counsel sought to excuse the failure to respond only on the basis of an alleged oral agreement for an extension of time. Because *Schattman* holds that such an allegation does not constitute good cause, we find no abuse of discretion by the trial court in denying appellants' motion to set aside the deemed admissions. We overrule point of error one.

■ In point of error two, appellants contend the trial court erred in rendering summary judgment against contestants because the requests for admissions are void ab initio and cannot support a summary judgment as a matter of law. Appellants first contend that appellees' requests sought opinions regarding the decedent's state of mind. Testamentary capacity means "sufficient mental ability, at the time of the execution of the will, to understand the business in which the testatrix is engaged, the effect of her act in making the will, and the general nature and extent of her property." *Lowery v. Saunders,* 666 S.W.2d 226, 232 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The testatrix also must know her "next of kin and the natural objects of her bounty." *Id.*

To prove undue influence, the will contestant must show:

(1) the existence and exertion of an influence;

(2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the testament; and

(3) the execution of a testament which the maker thereof would not have executed but for such influence.

*Hirdler v. Boyd,* 702 S.W.2d 727, 730 n. 2 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

■ We do not believe the requests seeking admissions that the bequests were "not the result of undue influence" inquired into the testator's state of mind. Even if the requests seeking admissions that the decedent was of sound mind sought opinions regarding the decedent's state of mind, we disagree with appellants' contention that such inquiries are improper.

Appellants cite *Boyter v. MCR Constr. Co.,* 673 S.W.2d 938, 941 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) and *Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.) for the proposition that requests for admissions regarding another party's state of mind seek inadmissible opinions and cannot be deemed admitted. TCB's requests 7, 9, 11, 15, 23, 33, and 35 sought admissions that the decedent was of sound mind when he executed the will and codicil and that the bequests in the will and in the codicil were not the result of undue influence.

Appellees counter that *Boyter* and *Taylor* are not controlling because amendments to Rule 169 now authorize requests that seek to elicit opinions. In 1984, Rule 169 was amended to authorize requests for admissions relating to "statements or opinions of fact. . . ." Tex.R.Civ.P. 169(1). The *Taylor* holding preceded this amendment to Rule 169. Although *Boyter* was decided à few months after the amendments to Rule 169 became effective, it did not mention these amendments and supported its decision by citing to *Taylor.*[1] *See Boyter,* 673 S.W.2d at 941. We decline to accept appellees' invitation to hold that the 1984 amendments to Rule 169 render the *Boyter* and *Taylor* holdings of no precedential value. Rather, we reject the holdings of *Boyter*

---

1. A panel of this court has also held that a party may not be compelled to answer requests that call for opinions or statements of subjective intent. *See Esparza v. Diaz,* 802 S.W.2d 772, 775 (Tex.App.—Houston [14th Dist.] 1990, no writ). *Esparza* did not address the amendments to Rule 169 and supported its holding by citation to a pre-amendment case. *Id.* (citing *White v. Watkins,* 385 S.W.2d 267 (Tex.Civ.App.—Waco 1964, no writ). We decline to apply the holding in *Esparza* to the facts of this case.

and *Taylor* insofar as they relate to the specific facts of this case. Thus, we hold that the trial court did not err in deeming admitted those requests regarding testamentary capacity and undue influence. We overrule point of error two.

We affirm the judgment of the trial court.