

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00185-CV

STANWYN J. CARTER                                                          APPELLANT

V.

TAMMIE J. PERRY                                                              APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-70906-431

----------

## MEMORANDUM OPINION[1]

----------

Appellant Stanwyn J. Carter appeals from the trial court's summary judgment entered in favor of appellee Tammie J. Perry after her request for admissions were deemed admitted. We reverse the trial court's summary judgment.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

On December 1, 2008, Carter signed a note promising to pay Perry $121,864.25 plus "interest . . . at the rate of 5.5% per annum." On July 11, 2013, Perry filed a petition for suit on a promissory note, alleging that Carter had defaulted under the terms of the note by failing to make any payment since December 2012. On August 12, 2013, Carter filed a letter with the clerk, stating that he had "met [his] obligations and repaid the promissory note to . . . Perry . . . by December 31, 2010." This letter was not served on Perry and was docketed as a "Letter from Stanwyn J. Carter."

On September 25, 2013, Perry filed a motion for default judgment requesting liquidated damages of $121,864.25 (the amount Perry alleged remained due on the note), postjudgment interest, and attorneys' fees based on her allegation that Carter had failed to answer her petition. *See* Tex. R. Civ. P. 107(h), 239. The trial court signed a default judgment against Carter five days later and awarded Perry liquidated damages, prejudgment and postjudgment interest, attorneys' fees, and court costs. *See* Tex. R. Civ. P. 239, 241. On October 25, 2013, Carter filed a motion for new trial, arguing that his failure to appear was not intentional, he had a meritorious defense, and granting a new trial would not prejudice Perry. *See* Tex. R. Civ. P. 320. In his attached affidavit, Carter averred that he had filed an answer to Perry's petition on August 11,

2013.[2] On December 13, 2013, the trial court granted Carter's motion on the basis that his "failure to appear is excused for cause."

On December 16, 2013, Perry served discovery materials, including a request for admissions, on Carter's attorney by fax. *See* Tex. R. Civ. P. 21a(a)(2), 198.1. On February 7, 2014, after Carter failed to respond to the request for admissions, Perry filed a motion for summary judgment solely based on the deemed admissions, which she attached to her motion: "The admissions prove [Perry's] case." *See* Tex. R. Civ. P. 166a(c), 198.2(c). Three days later, Carter's attorney, John Thomas Haughton, filed a motion to withdraw, noting that Carter had not "complied with the direction and advice of this attorney," there were no deadlines that Carter had not already received notice of, and Carter had been notified of his right to object to the withdrawal. *See* Tex. R. Civ. P. 10. On February 18, 2014, the trial court notified the parties, through their attorneys of record, that Perry's summary-judgment motion would be submitted on March 14, 2014. *See* Tex. R. Civ. P. 166a(c). Haughton filed an amended motion to withdraw on March 7, 2014, adding notice of the summary-judgment deadlines. Tex. R. Civ. P. 10. Haughton, on Carter's behalf, then sought two continuances of the submission date, which were granted, resulting in a submission date of April 4, 2014. The trial court granted the amended motion to

---

[2]Although Carter stated that this answer was attached as an exhibit to the affidavit, there is no attachment to his affidavit in the clerk's record.

withdraw on March 19, 2014, sixteen days before the summary-judgment submission date.

On March 27, 2014, eight days before the submission date, Carter filed a pro se "Original Answer," in which he admitted that Perry's claim was not time-barred but alleged that Perry owed him $341,434 and that he had never "advanced" the promissory note to Perry. Carter further summarily denied "each and every allegation of [Perry's] Motion for Summary Judgment" but did not address the request for admissions.[3] Carter also filed a motion for continuance of the summary-judgment submission date, arguing that he had not received Perry's request for admissions or summary-judgment motion until Haughton emailed them to him on March 17, 2014. Finally, Carter filed a motion to strike the deemed admissions because he had not been properly served, alleging that service on Haughton was not effective and that he did not appear until his March 27, 2014 "Original Answer." *See* Tex. R. Civ. P. 198.3. He further stated in the motion that the trial-court clerk and Haughton "mailed any notices to an improper address that is unknown" and averred in his attached affidavit that he did not

---

[3]Because Carter swore in his affidavit seeking a new trial that he had answered Perry's petition in August 2013, it is unclear whether Carter intended his "Original Answer" to be a supplemental answer to Perry's petition or an answer, i.e., a response, to Perry's summary-judgment motion. *See* Tex. R. Civ. P. 83, 166a(c); *cf. Batis v. Taylor Made Fats, Inc.*, 626 S.W.2d 605, 607 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.) (recognizing "answer" referred to in rule 166a(c) is a response to summary-judgment motion and not an answer to petition).

4

timely respond to the request for admissions because it was mailed to "an improper address unknown to [him]."

Perry objected to the continuance request, arguing that Carter failed to show the required good cause. *See* Tex. R. Civ. P. 5. In responding to the motion to strike, Perry asserted that Carter was properly served with the request, he failed to "indicate how the merits of the case will be any different than what is set forth in the deemed admissions," and she would be prejudiced if the admissions were struck. On May 19, 2014, the trial court granted Perry's motion for summary judgment and entered final judgment that Carter pay Perry the pleaded liquidated-damages amount, court costs, and postjudgment interest. New counsel entered an appearance on behalf of Carter, filed a notice of appeal, and filed a request for findings of fact and conclusions of law. No findings or conclusions were filed, and Carter did not file a notice of past due findings and conclusions. *See* Tex. R. Civ. P. 296–297; *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (holding findings and conclusions "have no place in a summary judgment proceeding"). In two issues, Carter asserts on appeal that the trial court abused its discretion by failing to strike the deemed admissions and erred by granting summary judgment based on the deemed admissions, which operated as an impermissible death-penalty sanction.

## II. DEEMED ADMISSIONS

### A. IMPLICIT RULING

As a preliminary matter, we must address the fact that there is no order in the record specifically denying Carter's motion to strike the deemed admissions. Both parties' appellate arguments assume at least an implicit ruling, but we are unable to find an order in the record or any reference to the motion to strike in the trial court's summary-judgment order, which was entered almost three months after the motion was filed. In general, absent a specific reference in the record or some other basis upon which to presume a ruling, a trial court's action in granting a motion for summary judgment does not automatically imply a ruling on objections or motions pending at the time the summary judgment was granted. *See, e.g., Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 782–83 (Tex. App.—Dallas 2013, no pet.); *Mead v. RLMC, Inc.*, 225 S.W.3d 710, 714 (Tex. App.—Fort Worth 2007, pet. denied); *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 SW.3d 489, 497–98 (Tex. App.—Fort Worth 2002, no pet.) (op. on reh'g). *See generally* Tex. R. App. P. 33.1(a)(2)(A) (providing alleged error may be preserved for appellate review by trial court's express or implicit ruling). But the record may be such that a ruling on a motion or objection may be implicit in the trial court's action on a motion for summary judgment. *See Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 697–98 (Tex. App.—Dallas 2008, no pet.); *Frazier v. Yu*, 987 SW.2d 607, 610–11 (Tex. App.—Fort Worth 1999, pet. denied).

6

The record here shows that Perry moved for summary judgment on one basis: Carter's deemed admissions established each element of Perry's claims based on the promissory note. Eight days before the April 4, 2014 submission date for Perry's motion, Carter filed his motion to strike the deemed admissions. Perry responded that the admissions should not be struck because Carter had failed to show good cause and she would be prejudiced. In granting Perry's summary-judgment motion, the trial court stated that it considered Perry's motion, "the pleadings on file, the response, the reply and the arguments of counsel." Because the only ground raised by Perry in moving for summary judgment was the conclusive effect of the deemed admissions, the trial court necessarily and implicitly denied Carter's motion to strike the deemed admissions when it granted Perry's motion for summary judgment. *See Cooper*, 254 S.W.3d at 697–98; *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 195 (Tex. App.—Fort Worth 2006, no pet.); *cf. Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) (recognizing denial of evidentiary objections could not be implicit in grant of summary judgment but noting that granting a motion to disregard jury findings "necessarily implies the denial of a motion for judgment on those findings" because the two motions present an "either-or situation"). Therefore, we may review the merits of Carter's argument that the trial court erred by failing to strike the deemed admissions. *See Loveless*, 186 S.W.3d at 196.

## B. GOOD CAUSE

A request for admissions primarily acts to simplify trials by eliminating matters about which there is no real controversy but that may be difficult to prove. *See Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011); *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (quoting *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950)). Such a request may inquire into "any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact, or the genuineness of any documents served with the request or otherwise made available for inspection and copying." Tex. R. Civ. P. 198.1. In short, a request for admissions is "useful when 'addressing uncontroverted matters or evidentiary ones like authenticity or admissibility of documents.'" *Marino*, 355 S.W.3d at 632 (quoting *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005)).

If a party fails to respond to a request for admissions, the request is considered admitted and conclusively established against the nonresponding party. Tex. R. Civ. P. 198.2(c). Carter does not dispute that he failed to timely respond to Perry's request for admissions. But "overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions." *Lucas v. Clark*, 347 S.W.3d 800, 804 (Tex. App.—Austin 2011, pet. denied). If the request for admissions is deemed admitted under rule 198.2(c), a party may seek to withdraw or strike the admissions, but he has the burden to show good cause for his failure to timely respond. *See* Tex. R. Civ. P. 198.3; *In re Kellogg-*

8

*Brown & Root, Inc.*, 45 S.W.3d 772, 775 (Tex. App.—Tyler 2001, orig. proceeding). Good cause may be an accident or mistake but cannot be intentional or the result of conscious indifference. *Kellogg-Brown*, 45 S.W.3d at 775 (quoting *Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 356 (Tex. 1998)). If the deemed admissions operate as a merits-preclusive discovery sanction, due-process concerns are implicated and the evidence must show the nonresponding party acted in bad faith or callous disregard for the rules. *Marino*, 355 S.W.3d at 634. A failure to respond that is intentional or the result of conscious indifference is the equivalent of a nonresponding party's "flagrant bad faith or callous disregard for the rules." *Wheeler*, 157 S.W.3d at 443–44. If the movant meets his burden to show good cause for the failure to respond, withdrawal of the admissions is permitted if the trial court finds that (1) the party relying on the deemed admission will not be unduly prejudiced and (2) the presentation of the merits of the action will be served by the withdrawal. Tex. R. Civ. P. 198.3; *Kellogg-Brown*, 45 S.W.3d at 775.

A trial court has broad discretion to grant or deny a motion to withdraw deemed admissions, and we will not set aside a trial court's ruling absent an abuse of that discretion. *Stelly*, 927 S.W.2d at 622; *Boulet v. State*, 189 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A trial court cannot refuse to withdraw deemed admissions arbitrarily, unreasonably, or without reference to guiding rules or principles. *Wheeler*, 157 S.W.3d at 443.

9

Here, Carter's good-cause allegation was partially founded on his contention that the trial-court clerk and his former attorney "mailed any notices to an improper address that is unknown" and averred in his attached affidavit that he did not timely respond to the request for admissions because it was mailed to "an improper address unknown to [him]." But the address Carter listed for himself in his motion to strike is the same address used by Perry, the trial-court clerk, and Haughton to notify Carter of filings. Carter did not dispute that he received these other notices sent to the same address. Further, this was the address reported for Carter to the Internal Revenue Service in reporting partnership earnings from the land-development company he owned with Perry's husband, Cavalia Homes, LLC. Carter also argued that there was good cause to withdraw the deemed admissions, which had been served on Haughton on December 16, 2013, because Carter did not appear until March 27, 2014. However, Carter swore in an affidavit attached to his motion for new trial that he had filed an answer to Perry's petition on August 11, 2013, four months before the request for admissions was served on Haughton. Finally, at no time did Carter ask for more time to respond to the request for admissions.[4]

The evidence supports a finding that Carter's failure to timely respond was a result of his bad faith and callous disregard for the rules, which precludes a

---

[4]Carter requested an extension of the summary-judgment submission date, which twice previously had been extended, but did not ask for an extension to respond to Perry's request for admissions.

10

finding of good faith. *See Soto v. Gen. Foam & Plastics Corp.*, 458 S.W.3d 78, 84–85 (Tex. App.—El Paso 2014, no pet.). We conclude that the trial court could have reasonably concluded that Carter failed to establish good cause for his failure to timely respond to Perry's request for admissions and, therefore, did not abuse its discretion. *See Todd v. Heinrich*, No. 01-10-00267-CV, 2011 WL 2183881, at *8–10 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.) (mem. op.); *Webb v. Ray*, 944 S.W.2d 458, 461–62 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Ramsey v. Criswell*, 850 S.W.2d 258, 259–60 (Tex. App.—Texarkana 1993, no writ); *Hoffman v. Tex. Commerce Bank Nat'l Ass'n*, 846 S.W.2d 336, 339–40 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (op. on reh'g). We overrule this portion of issue one.

### III. SUMMARY JUDGMENT BASED ON DEEMED ADMISSIONS

In the remaining portion of issue one, Carter argues that the trial court's summary judgment must be reversed because the deemed admissions "showed that . . . Perry was not entitled to summary judgment." Perry argues that the trial court's summary judgment was not explicitly granted on the basis of the deemed admissions, allowing this court to affirm the summary judgment based on other evidence in the summary-judgment record showing Perry's right to judgment as a matter of law. But we may affirm a summary judgment only on the grounds expressly raised in the motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). Here, Perry relied solely on the deemed admissions in

11

moving for summary judgment. Therefore, that is the only basis upon which we may affirm the summary judgment.

Our de novo question on appeal is whether Perry, in seeking summary judgment, fulfilled her initial burden to establish as a matter of law that there remained no genuine issue of material fact as to all essential elements of her cause of action. *See* Tex. R. Civ. P. 166a(c); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If Perry conclusively proved all essential elements of her claim, she was entitled to summary judgment. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Deemed admissions may be employed as summary-judgment proof. Tex. R. Civ. P. 166a(c); *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 838 (Tex. App.—Dallas 2009, no pet.). Therefore, admissions, once deemed admitted against a defendant, are judicial admissions that will fully support a summary judgment in favor of the plaintiff where the deemed admissions fully support and establish each element of a plaintiff's cause of action. *Oliphant*, 299 S.W.3d at 838; *see also* Tex. R. Civ. P. 198.3 ("A matter admitted under this rule is conclusively established . . . .").

To prevail on her motion for summary judgment, Perry was required to conclusively prove the note in question, that Carter signed the note, that Perry is the legal owner and holder of the note, and that a certain balance is due and owing on the note. *See Vince Poscente Int'l, Inc. v. Compass Bank*, No. 05-14-00165-CV, 2015 WL 1261997, at *2 (Tex. App.—Dallas Mar. 19, 2015, no

12

pet. h.) (op. on remand).  Of course, if the deemed admissions did nothing more than raise a genuine issue of material fact on any element of Perry's claim, summary judgment was improper.  *See Profitlive P'ship v. Surber*, 248 S.W.3d 259, 261–62 (Tex. App.—Fort Worth 2007, no pet.); *CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia*, 108 S.W.3d 464, 466 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Perry relied on selected admissions in arguing that summary judgment in her favor was proper.  Indeed, these excerpted admissions conclusively established that (1) Carter entered into a contract with Perry under which he agreed to pay Perry $121,864.25; (2) Carter signed a promissory note reflecting this obligation owed to Perry; (3) the note attached to the request for admissions was a true and correct copy of the note he signed; (4) Perry performed all of her obligations under the note; (5) Carter failed to pay the principal amount owed; (6) Carter's  failure to pay was a breach of the terms of the note; (7) because of his breach, Carter owed Perry $121,864.25; and (8) Perry's claims were not barred by any affirmative defenses.  But  Carter also admitted that (1) Perry owed him "a sum of money"; (2) Perry was required to seek payment from a third party; (3) an agreement between Perry and Carter prevented Perry from seeking payment of the note from Carter; (4) Carter did not know how much was owed on the note; (5) Carter had a legal justification for not paying the balance of the note to Perry; (6) Perry's husband guaranteed and paid Carter's obligations under the

13

note; and (7) Cavalia Homes paid Carter's obligations under the note.[5] The converse of many of these facts were also conclusively established.[6]

The summary-judgment evidence—the deemed admissions—did not conclusively establish that a sum certain was due and owing at the time of Perry's demand. The deemed admissions conclusively establish many facts showing that the note was in default but also conclusively establish their antipode. These conflicting admissions do nothing more than raise a genuine issue as to those material facts. *See CEBI*, 108 S.W.3d at 466. Perry cannot avoid these conflicts by relying on selected admissions. *See id.* The summary judgment cannot be upheld based on the deemed admissions, which was the sole basis upon which summary judgment was sought. *See id.*; *see also Luke v. Unifund CCR Partners*, No. 2-06-444-CV, 2007 WL 2460327, at *2–4 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.) (after concluding admissions were appropriately deemed against nonresponding party, reversing

---

[5]We note that it is unclear whether Carter's August 12, 2013 "letter" was the August 11, 2013 answer referred to in his motion for new trial filed after default was entered. In the letter, Carter raised the affirmative defense of payment. Of course, if Carter failed to plead this affirmative defense, any fact issue regarding payment would not be material to a question at issue in the case. *See* Tex. R. Civ. P. 94; *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 513 (Tex. App.—El Paso 2010, no pet.). Because other fact issues were raised by the mirror-image admissions, we need not finally decide this question. Carter did allege in his "Original Answer" that the funds referenced in the note were "never advanced to [Carter] by [Perry]" and that Perry is indebted to Carter.

[6]For example, Carter admitted that there was no legal justification for not paying the note balance.

summary judgment based on deemed admissions because conflicting admissions raised material fact issues); Robert K. Wise et al., *A Guide to Properly Using and Responding to Requests for Admission Under the Texas Discovery Rules*, 45 St. Mary's L.J. 655, 668 (2014) (recognizing mirror-image admissions "are useless because they create a fact issue").  We sustain this portion of issue one.  We need not address Carter's alternative argument in issue two that the summary judgment must be reversed because it acted as an unwarranted death-penalty sanction based on nonegregious and unintentional conduct, thereby violating his right to due process.  *See* Tex. R. App. P. 47.1.

## IV.  CONCLUSION

The trial court did not abuse its discretion by implicitly denying Carter's motion to strike the deemed admissions because it could have reasonably concluded that Carter did not establish good cause for his failure to timely respond to Perry's request for admissions.  But because the deemed admissions viewed as a whole raised genuine issues of material fact regarding Perry's suit on a promissory note, we sustain part of Carter's first issue, reverse the trial court's summary judgment, and remand to that court for further proceedings. *See* Tex. R. App. P. 43.2, 43.3(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

SUDDERTH, J., filed a dissenting opinion.

DELIVERED:  July 9, 2015