**RESURGENCE FINANCIAL, LLC, Appellant,**

v.

**Freeman TAYLOR, Appellee.**

**No. 05–07–01492–CV.**

Court of Appeals of Texas, Dallas.

Aug. 31, 2009.

Andrew E. Lemanski, Houston, TX, for Appellant.

Freeman Taylor, Garland, TX, pro se.

Before Justices BRIDGES, RICHTER, and FILLMORE.

## OPINION

Opinion By Justice RICHTER.

Resurgence Financial, LLC appeals the dismissal of its breach of contract suit against Freeman Taylor. In two issues, Resurgence argues the trial court erred when it dismissed the suit for want of prosecution and denied its motion for default judgment. Because we conclude that Resurgence failed to prove it was entitled to a default judgment, we affirm the trial court's judgment.

### BACKGROUND

On January 4, 2007, Resurgence filed its original petition against Freeman Taylor asserting a claim for breach of contract for failure to pay a credit card account. The petition partially identified Taylor's social security number and credit card account number and stated that Resurgence had purchased the account from Citibank and was currently the owner of the account. According to the petition, Citibank and

Taylor entered into an account agreement the ("Agreement") that allowed Taylor to receive cash advances and to purchase goods and services from merchants who honored the Citibank credit card. The petition asserted that Taylor had acquired cash and/or goods and services in accordance with the Agreement and had promised to pay for the account but had failed to do so. Resurgence claimed it was damaged in the amount of $8,928.49, together with interest and attorney's fees as provided for in the Agreement. Resurgence specified that it was entitled to at least $2,976.16 in reasonable attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

The affidavit of John Over, Resurgence's designated agent, was attached to the petition (the "Over Affidavit"). The Over Affidavit attested to the facts asserted in the petition and included a summary of Taylor's account as an attachment. The account summary reflects that Taylor's last payment was made on August 10, 2004 and the interest rate on the account is 6%. The statement shows that the total amount due is $8,928.49 as of October 31, 2006. Of this amount, $8,128.15 is designated as principal and $800.34 is designated as interest.

A request for disclosures and requests for admission were embedded in the petition. Taylor did not answer the petition or the discovery. On February 8, 2007, Resurgence filed a motion for default judgment. The motion was supported by an attorney's fees affidavit and a non-military affidavit.

On July 27, 2007, the trial court returned the default judgment unsigned with a form notice on which the court had checked off several perceived deficiencies.

The deficiencies selected by the trial court included: (1) petition does not give fair notice of claim against defendant; (2) judgment relies on cause of action not adequately pleaded; (3) damages cannot be accurately calculated, no written instrument attached to petition; (4) no evidence of sale and delivery of merchandise or performance of services; (5) no evidence that the amount of the account or price charged is in accordance with an express contract or usual, customary and reasonable; and (6) no evidence of a systemic record kept and supported by affidavit. On August 1, 2007, Resurgence filed another motion for default judgment. The motion requested judgment on the debt owed by Taylor in the amount of $8,928.49 with interest in accordance with the Agreement and as supported by the documents attached to the original petition and the request for admissions. In further support of the requested judgment, Resurgence attached an attorney's fees affidavit and the affidavit of its designated agent. By letter dated August 6, 2007, the trial court again returned the default judgment unsigned and accompanied by the same form letter identifying the same perceived deficiencies.[1]

On August 7, 2007, the trial court issued a notice stating that the case was set for dismissal on August 24, 2007 pursuant to Rule 165a of the Texas Rules of Civil Procedure. The notice advised:

> If no answer has been filed, or if the answer is insufficient as a matter of law to place any of the facts alleged in your petition in issue, you will be expected to have moved for, and to have heard a summary judgment or to have proved up a default judgment on or prior to that

---

1. Although the form letter is dated August 6, 2007, a handwritten notation at the bottom states "mailed 9/21/07."

date. Your failure to have done so will result in dismissal of the case on the above date.[2]

On August 23, 2007 and August 24, 2007, Resurgence filed trial briefs in support of its motion for default judgment. On October 1, 2007, Resurgence filed another motion for default judgment. Like the prior motions, the motion requested judgment on the debt owed by Taylor in the amount of $8,928.49 with interest in accordance with the Agreement and as supported by the documents attached to the petition and the deemed admissions. An attorney's fees affidavit and a non-military affidavit were attached to the motion. In further support of the motion, Resurgence included the Over Affidavit, which describes the sale and assignment of Taylor's account from Citibank to Resurgence, the account number, the balance owed on the account, and the date of the last payment. Attachments to the Over Affidavit included two documents entitled Bill of Sale, Assignment, and Assumption Agreement (the "Assignments"), the Citibank Card Agreement, four months of Taylor's 2004 account statements and one 2005 account statement. The account statements reflect payments that were made on the account and applied to the outstanding balance, including the August 10, 2004 payment referenced in the Over Affidavit. The Assignments show that certain accounts were transferred from Citibank to a limited liability company and then transferred from the limited liability company to Resurgence. Although the Assignments reference attachments that enumerate the specific accounts sold and assigned, the attachments are not included with the Assignments. Therefore, it is not possible to determine whether Taylor's ac-

count was among those sold and transferred.

The motion for default judgment was further supported by the affidavit of James Hull (the "Hull Affidavit"), counsel for Resurgence. The Hull Affidavit states that Resurgence's requests for admission were served on Taylor with the original petition as evidenced by the return of citation on file with the clerk and that Taylor failed to respond to the admissions within 50 days after service. In addition to the motion for default judgment and supporting documents, Resurgence also filed a request for a hearing on its motion for default judgment.[3] On October 9, 2007, the trial court dismissed the case. The reasons for dismissal stated in the dismissal notice included "failure to take action after notice of intent to dismiss" and "dismiss for want of prosecution." This appeal followed.

## DISCUSSION

Resurgence contends the trial court erred in denying the motion for default judgment and dismissing the case for want of prosecution. On this record, we disagree.

The denial of a motion for default judgment is reviewed under an abuse of discretion standard. *Aguilar v. Livingston,* 154 S.W.3d 832, 833 (Tex.App.-Houston [14th Dist.] 2005, no pet.). A plaintiff may seek a default judgment if the time has passed for the defendant to answer, the defendant has not answered, and the citation with the officer's return has been on file with the clerk for ten days. *See* TEX.R. CIV. P. 107, 239.

---

2. We are not aware of any authority by which a court may require a party to move for summary judgment.

3. Resurgence does not complain about the trial court's failure to conduct a hearing.

 In a no-answer default judgment, the failure to file an answer operates as an admission of the material facts alleged in the petition, except as to unliquidated damages. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). A claim for damages is liquidated if the amount of damages can accurately be calculated by the court from the factual, as opposed to the conclusory allegations in the petition and written instruments. *Argyle Mech., Inc. v. Unigus Steel, Inc.,* 156 S.W.3d 685, 687 (Tex.App.-Dallas 2005, no pet.); *see also Novosad v. Cunningham,* 38 S.W.3d 767, 773 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (suit to recover amount due for professional services was liquidated claim proved by written instruments where plaintiff attached original instruments to verified petition and motion for default judgment). When damages are unliquidated, the judge must "hear" evidence on the damages. *See Argyle Mech., Inc.,* 156 S.W.3d at 687; *see also* TEX.R. CIV. P. 243. In contrast, "if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor...." TEX.R. CIV. P. 241.

 Here, the pleadings provide the requisite factual allegations to prove Resurgence's claim for breach of contract. Recovery under a breach of contract claim requires proof of four elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Orix Capital Mkts., L.L.C. v. Wash. Mut. Bank,* 260 S.W.3d 620, 623 (Tex.App.-Dallas 2008, no pet.). The petition states that

Taylor opened the account with Citibank, used the account to buy goods and services, promised to pay for the account, but failed to do so. The contract is further evidenced by the Agreement attached to the petition. The petition also states that Resurgence purchased the account from Citibank and is the current owner of the account entitled to payment. The Over Affidavit further attests to the sale of the account.

The account is specifically identified by the partial disclosure of Taylor's social security number, the account number, and Taylor's name and address. Account statements, an account summary and supporting affidavits establish the amount due on the account as of the date of default, the date of the last payment, and the application of payments to the outstanding balance. The amount of attorney's fees for which judgment is requested is stated in the petition and supported by affidavit.

 The admissions provide further proof in support of a judgment. The admissions were embedded in the petition, and the record demonstrates the petition was properly served.[4] Because Taylor failed to object or timely answer the admissions, they were deemed admitted as a matter of law. *See* TEX.R. CIV. P. 198.2(c). Deemed admissions may be employed as proof. *Sherman Acquisition II L.P. v. Garcia,* 229 S.W.3d 802, 812 (Tex.App.-Waco 2007, no pet.) (default judgment); *Elkins v. Jones,* 613 S.W.2d 533, 534 (Tex. Civ.App.-Austin 1981, no writ) (summary judgment). Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, they will fully support a judgment thereon. *Sherman,* 229 S.W.3d at 812. Answers constituting ad-

---

4. We express no opinion about the propriety of embedding the requests for admissions in the body of the petition.

missions of law, however, are of no effect and are not binding on the court. *See Esparza v. Diaz*, 802 S.W.2d 772, 775 (Tex. App.-Houston [14th Dist.] 1990, no writ); *Neal v. Wis. Hard Chrome, Inc.*, 173 S.W.3d 891, 894 (Tex.App.-Texarkana 2005, no pet.).

By failing to answer the requests for admissions, Taylor admitted that (1) he applied for the credit card and requested that the account be opened; (2) he understood that use of the account resulted in a loan that he was obligated to pay; (3) he made purchases and took cash advances on the account; (4) the account is due; (5) the $8,928.49 balance stated in the petition is the correct amount due on the account; (6) he received monthly statements showing the amount of charges and specifying the amount due; (7) the monthly statements advised him of his right to dispute any error and he has never given any notice of an error or dispute; (8) he promised to pay for the account; (9) payment was requested but has not been made; (10) the contractual interest rate is 6% and the Agreement provides for late and over the credit limit fees; and (11) $2,976.16 is a reasonable amount of attorney's fees for the prosecution of this suit.

The petition and supporting documents give fair notice of Resurgence's breach of contract claim based on the unpaid credit card account. *See Low v. Henry*, 221 S.W.3d 609, 612 (Tex.2007) (fair notice standard met when opposing party can ascertain nature of the claim, basic issues, and evidence that might be relevant to the controversy). But the evidence Resurgence proffered did not provide sufficient information for the trial court to render a damage award. There was not only insufficient information from which to calculate the interest due on the outstanding account balance, the evidence that was submitted conflicted as to the rate of interest to be charged. Specifically, the Over Affi-davit and deemed admissions state that the contract rate of interest is 6%, but neglect to state whether this is computed as simple interest. Four of the five credit card statements reflect that the periodic interest rate for purchases and advances is 0.06573%, with an annual percentage rate of 23.990%. But the 2005 statement reflects that the periodic rate is 0.06915%, with an annual percentage rate of 25.240%. The Agreement provides for a default rate of up to 24.99% and also provides for late fees to be assessed based upon the outstanding balance. Although the default rate appears to have been charged on one of the monthly statements, the other statements reflect that a different interest rate was applied. The record reflects that the outstanding balance on the account as of October 31, 2006 was $8,928.49, but provides no definitive basis for calculating the principal and interest due beyond that point. Because Resurgence's evidence was insufficient to support the default judgment it requested, we conclude the trial court did not err in denying the motion.

The trial court's notice required Resurgence to move for and have heard a summary judgment or prove up a default judgment by August 24, 2007. Although Resurgence filed a motion for default judgment, it failed to establish its entitlement to the judgment it requested. Under these facts and circumstances, we cannot conclude the trial court erred in dismissing the case for want of prosecution. *See Crown Asset Mgmt. LLC v. Loring*, 294 S.W.3d 841 (Tex.App.-Dallas 2009) (holding dismissal for want of prosecution permissible when plaintiff fails to show entitlement to a default judgment by court-ordered deadline). We affirm the trial court's dismissal order.