**Affirmed and Memorandum Opinion filed October 4, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00659-CV

---

## HENRY HENDRICKSON D/B/A H&M CONSTRUCTION, Appellant

## V.

## CHARLES HEARD, Appellee

---

**On Appeal from the 335th District Court
Washington County, Texas
Trial Court Cause No. 35759**

---

## M E M O R A N D U M   O P I N I O N

This dispute arises from a construction contract between appellant Henry Hendrickson d/b/a H&M Construction ("Hendrickson") and appellee Charles Heard. Heard sued Hendrickson alleging that Hendrickson breached the parties' contract by failing to pay Heard for work Heard performed. Heard moved for traditional summary judgment on his contract claim, relying in part on deemed admissions resulting from Hendrickson's failure to respond to Heard's discovery requests. The trial court granted Heard's summary judgment motion. For the

reasons below, we affirm.

## BACKGROUND

Heard and his wife own property in Washington County, Texas. Heard planned to build a house on the property and contracted with Hendrickson to oversee its construction.

Heard took out a $200,000 loan from Round Top State Bank to finance construction of the house. Under the terms of the loan, the Bank would make periodic payments to Hendrickson as the construction's contractor and Hendrickson would disburse payments to his employees, vendors, and subcontractors for work completed. According to Heard, he and Hendrickson agreed that Heard would complete construction work on the house in exchange for payment.

Heard sued Hendrickson in May 2015 and asserted that Hendrickson "has not paid to [Heard] the value of the work performed by [Heard]." Heard sought $38,746 in damages as well as interest, attorney's fees, and expenses. Hendrickson filed a handwritten, one-page answer stating, "I Henry Hendrickson denie [sic] I owe this money."

As part of his discovery requests, Heard served Hendrickson with the following requests for admission:

1.  That [Hendrickson] hired various trades to perform work for the Construction Project performed by [Hendrickson] at the Premises.
2.  There was a contract between Hendrickson and the Heards in the Heards' capacities as the owners of the Premises for the Construction Project.
3.  Hendrickson was involved in the Loan between the Bank and the Premises owners.
4.  Money was paid by the Bank to Hendrickson to perform the work at

2

the Construction Project.

5.  Hendrickson hired [Heard] to perform some of the work at the Construction Project.

6.  Heard in fact performed work on the Construction Project.

7.  Hendrickson reported to the Bank that the work done by Heard as part of the Construction Project was done by and for Hendrickson for purposes of the loan advances made by the Bank in payment of the work for the Construction Project.

8.  Hendrickson supervised the work done by Heard as part of the Construction Project.

9.  Hendrickson coordinated the work done by Heard as part of the Construction Project with the work done by other trades during the life of the Construction Project.

10. The dollar value of the work done by Heard as part of the Construction Project was $38,746.

11. Hendrickson did not pay any money to Heard for any of the work done by Heard as part of the Construction Project.

12. Hendrickson received a written demand from counsel for Heard prior to the filing of the lawsuit of Heard v. Hendrickson in Cause # 35759.

13. Hendrickson did not pay any money to Heard after Hendrickson received a written demand for payment from counsel for Heard for work done by Heard that was part of the Construction Project.

Hendrickson did not respond to the requests for admission.

Heard filed a motion requesting the trial court deem admitted his requests for admission because of Hendrickson's failure to respond. Heard also filed a motion for traditional summary judgment on his breach of contract claim. *See* Tex. R. Civ. P. 166a(c). Heard asserted that the elements of his contract claim were "deemed admitted by Hendrickson when he failed to respond to valid discovery requests including Requests for Admission." Hendrickson did not respond to Heard's motions.

The trial court signed an order granting Heard's motion to deem admitted

3

the requests for admission. The trial court signed a separate order granting Heard's motion for traditional summary judgment.

After the final judgment was signed, Hendrickson filed a petition for bill of review in a separate action.[1] According to Heard's appellate brief, the trial court granted Hendrickson's petition for bill of review and reinstated the underlying proceeding.

Heard filed a second motion for traditional summary judgment in the underlying action; Heard's second motion was substantially the same as his first motion. Heard again asserted that the elements of his contract claim were deemed admitted by Hendrickson when Hendrickson failed to respond to the requests for admission. Heard also included the following evidence attached as exhibits to his second summary judgment motion: an exhibit labeled "Bank Contract Signed by both Parties and Bank Draws;" an exhibit labeled "Check Copies for Expenditures;" and Heard's affidavit.

The "Bank Contract" lists the different tasks that would be completed as part of the house's construction and the cost to complete each task. The "Bank Draws" exhibit shows several requests for payment from Hendrickson to Round Top State Bank to pay for certain subcontractors and suppliers. The "Check Copies for Expenditures" exhibit includes photocopies of checks signed by Heard or his wife for various construction expenses. Heard's affidavit, in relevant part, states:

> I contracted with [Hendrickson] for him to perform work at my home. [Hendrickson] retained me as a sub-contractor to perform some of the work. I performed the work. [Hendrickson] failed to pay me for my work despite [Hendrickson] being paid in full by the bank that loaned money to my wife and I for the totality of the work done by

---

[1] This court did not receive either the clerk's record or the reporter's record for this separate proceeding.

4

[Hendrickson].

Hendrickson responded to Heard's second summary judgment motion and asserted that Heard failed to prove as a matter of law the elements of his contract claim. Hendrickson asserted that "payment was made in the manner of reduced overall costs" for the house's construction. Hendrickson included his affidavit as an exhibit to his response; Hendrickson's affidavit states, in relevant part:

> [Heard] agreed to do some of the work on the house that was being built by [Hendrickson]. In exchange for that work, the totals costs of his house would be reduced. It was never agreed that he would be paid any cash for his services whatsoever.

Hendrickson's response did not address the deemed admissions.

The trial court granted Heard's second summary judgment motion in a final judgment signed July 6, 2017. Hendrickson timely appealed.

## ANALYSIS

Hendrickson asserts on appeal two issues challenging the trial court's July 6, 2017 final judgment granting Heard's second summary judgment motion. In his first issue, Hendrickson asserts that the deemed admissions "preclude[d] presentation of the merits of the case" and "violate due process." Hendrickson claims in his second issue that Heard failed to prove his contract claim as a matter of law. We overrule both of Hendrickson's issues.

## I.    Deemed Admissions

Hendrickson argues that the deemed admissions are overly broad, merits-preclusive, and violate due process. In response, Heard asserts that Hendrickson's challenges to the deemed admissions are waived because "Hendrickson had numerous opportunities to withdraw or amend the deemed admissions, but he failed to do so."

5

After an action is filed, a party may serve written requests for admission that encompass "any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact . . . ." Tex. R. Civ. P. 198.1; *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam). If the opposing party does not respond to the admissions requests within 30 days, the matters in the requests are deemed admitted against the party without the necessity of a court order. Tex. R. Civ. P. 198.2(c); *Marino*, 355 S.W.3d at 633. A matter deemed admitted is conclusively established unless the trial court, on motion, permits withdrawal or amendment of the admission. Tex. R. Civ. P. 198.3.

*Unifund CCR Partners v. Weaver*, 262 S.W.3d 796 (Tex. 2008) (per curiam), analyzed facts similar to those presented here and concluded that the defendant waived his ability to challenge the deemed admissions.

The pro se defendant in *Weaver* was served with requests for admission; the record did not show that the defendant served the plaintiff with his responses. *Id.* at 797. The plaintiff filed a motion for summary judgment "asserting that the facts set out in its requests for admissions were automatically admitted when [the defendant] failed to timely serve his responses." *Id.* The defendant did not respond to the summary judgment motion and the motion was granted by the trial court. *Id.*

The defendant first challenged the deemed admissions in a post-judgment filing and asserted that he had properly served the plaintiff with his responses. *Id.* The supreme court held that the defendant "waived his right to challenge the deemed admissions." *Id.* at 798. Noting that the plaintiff's "motion for summary judgment put [the defendant] on notice of the deficiency of his response," the court stated that the defendant "knew of his mistake before judgment and could have responded to [the plaintiff's] motion, but because he did not, he waived his right to

6

raise the issue thereafter." *Id.*; *see also Cleveland v. Taylor*, 397 S.W.3d 683, 693-95 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (the defendants did not respond to the plaintiffs' requests for admissions and challenged the requests only after the trial court rendered judgment despite earlier "notice of their mistake;" the court held that the defendants' challenges to the deemed admissions were waived); *Johnson v. Lewis*, No. 14-10-00293-CV, 2011 WL 2083965, at *3 (Tex. App.—Houston [14th Dist.] May 19, 2011, no pet.) (mem. op.) (the defendants, although aware of their failure to serve responses to the plaintiff's requests for admission, did not challenge the admissions until after summary judgment was granted; the defendants waived the right to challenge the admissions on appeal).

Hendrickson's failure to challenge the deemed admissions in the trial court waives his ability to raise these issues for the first time on appeal.

The record shows that Hendrickson had notice of his failure to respond to the requests for admission. Heard filed a motion requesting the trial court deem admitted his requests for admission because of Hendrickson's failure to respond. The trial court granted Heard's request in a signed order. Heard's first and second summary judgment motions substantially relied on the deemed admissions. Hendrickson's response to Heard's second summary judgment motion did not challenge the propriety of the deemed admissions and asserted only that the admissions failed to prove Heard's contract claim as a matter of law.

Like the defendant in *Weaver*, Hendrickson was on notice of his failure to respond to Heard's requests for admission. *See Weaver*, 262 S.W.3d at 797-87. Despite this notice, Hendrickson did not raise in the trial court his challenges to the deemed admissions. We decline to consider these issues for the first time on appeal. *See Weaver*, 262 S.W.3d 797-98; *Cleveland*, 397 S.W.3d at 693-95; *see also Johnson*, 2011 WL 2083965, at *3.

Hendrickson relies on *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) (per curiam), to support his claim that the deemed admissions give rise to due process concerns, but *Wheeler* is distinguishable from the facts presented here.

The pro se litigant in *Wheeler* filed her responses to the requests for admissions two days late because of a miscalculation with respect to the mailbox rule. *Id*. at 441. The supreme court held that the litigant did not waive her complaint regarding withdrawal of the deemed admissions by presenting it for the first time in her motion for new trial because "nothing in this record suggests that before summary judgment was granted, [the litigant] realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id*. at 442.

Unlike the litigant in *Wheeler*, Hendrickson was on notice of his failure to respond to Heard's requests for admission. Despite this notice, Hendrickson did not seek to withdraw the admissions and did not address the admissions in his response to Heard's second summary judgment motion. Hendrickson raised his challenges to the deemed admissions for the first time on appeal.

We overrule Hendrickson's first issue.

## II.    Summary Judgment

In his second issue, Hendrickson asserts the trial court erred in granting Heard's motion for traditional summary judgment because Heard failed to prove the elements of his contract claim as a matter of law. Hendrickson does not contend on appeal that a fact issue exists.

### A.    Standards of Review

The party moving for traditional summary judgment bears the burden of

showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d 844, 848 (Tex. 2009). If the moving party meets this burden, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

We review a summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

Deemed admissions are competent summary judgment evidence. *In re Estate of Herring*, 970 S.W.2d 583, 587 (Tex. App.—Corpus Christi 1998, no pet.); *see also Rowlands v. Unifund CCR*, No. 14-05-01122-CV, 2007 WL 1395101, at *3 (Tex. App.—Houston [14th Dist.] Mar. 27, 2007, no pet.) (mem. op.). To the extent deemed admissions address the elements of proof of a claim, the admissions "provide uncontroverted proof of these elements as a matter of law." *Rowlands*, 2007 WL 1395101, at *3. A party may not introduce testimony to controvert a deemed admission. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989).

To recover for a breach of contract, a plaintiff must show (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the

9

defendant breached the contract; and (4) the plaintiff suffered damages because of the defendant's breach. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

## B.    Application of Legal Standards

Heard's summary judgment evidence established his breach of contract claim as a matter of law.

The deemed admissions show that a contract existed between Hendrickson and Heard. According to the deemed admissions, Hendrickson and Heard entered into the contract to build a house on Heard's property and "Hendrickson hired [Heard] to perform some of the work . . . ." The existence of the contract also is supported by Heard's other summary judgment evidence, including the exhibit labeled "Bank Contract Signed by both Parties and Bank Draws," the exhibit labeled "Check Copies for Expenditures," and Heard's affidavit.

The deemed admissions and Heard's affidavit also show that (1) Heard performed construction work on the house; (2) Hendrickson did not pay Heard for the work Heard performed; and (3) the work Heard performed was worth $38,746. This evidence is sufficient to establish the elements of Heard's contract claim as a matter of law. *See id*. at 72; *see also Rowlands*, 2007 WL 1395101, at *2-3 (deemed admissions established the plaintiff's breach of contract claim as a matter of law).

Hendrickson argues that "[a] conclusory admission that there is a contract between two people . . . is insufficient to prove that the contract is valid or enforceable." Hendrickson does not cite any authority to support his contention that Heard's summary judgment evidence amounts only to a "conclusory admission."

A "conclusory" statement is defined as "'[e]xpressing a factual inference without stating the underlying facts on which the inference is based.'" *La China v. Woodlands Operating Co.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 390, 389 n.32 (Tex. 2008)). Here, the summary judgment evidence addressed facts underlying the contract between Heard and Hendrickson and indicated that the purpose of the agreement was to build a house on Heard's property. Despite Hendrickson's contention, the summary judgment evidence amounts to more than a "conclusory admission." *See id*.

Hendrickson asserts that Heard cannot show that the contract was breached because "[r]eduction of the house price was the compensation owed for [Heard's] work." This argument appears to invoke an affirmative defense. *See* Tex. R. Civ. P. 194 (affirmative defenses include offset, accord and satisfaction, payment, and release); *see also MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 137 (Tex. 2014) ("An affirmative defense presents a situation where a plaintiff cannot recover even if his claims are true because of some other fact that the defendant has pled as a bar." (internal quote omitted)); *Hassell Constr. Co. v. Stature Commercial Co., Inc.*, 162 S.W.3d 664, 667 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (as a general rule, there must be specific pleading of excuses for nonperformance of a contract).

"All affirmative defenses are waived when the defendant files only a general denial, and, absent trial by consent, failure to plead a matter of affirmative defense will preclude a defendant from asserting it." *Hassell Constr. Co., Inc.*, 162 S.W.3d at 667. Hendrickson filed a general denial that did not plead any affirmative defenses. The record does not indicate that any affirmative defenses were tried by consent. Failing to plead any affirmative defenses waived Hendrickson's argument

11

that a price reduction compensated Heard for the work performed on the construction project. *See* Tex. R. Civ. P. 194; *MAN Engines & Components, Inc.*, 434 S.W.3d at 137; *Hassell Constr. Co.*, 162 S.W.3d at 667.

Finally, Hendrickson contends the amount of damages cannot be calculated based on the deemed admissions. Hendrickson cites *Resurgence Financial, LLC v. Taylor*, 295 S.W.3d 429 (Tex. App.—Dallas 2009, pet. denied).

The court in *Resurgence Financial, LLC* held that the plaintiff's evidence was insufficient to support a damages award for a breach of contract claim stemming from the defendant's credit card debt. *Id*. at 434. The court stated that "[t]here was not only insufficient information from which to calculate the interest due on the outstanding account balance, the evidence that was submitted conflicted as to the rate of interest to be charged." *Id*.

Here, the summary judgment evidence is sufficient to calculate the damages awarded in the trial court's final judgment. The deemed admissions and Heard's affidavit state that Heard performed work worth $38,746 and did not receive any payment from Hendrickson for that work. In its final judgment signed July 6, 2017, the trial court awarded Heard $38,746 in damages plus pre- and post-judgment interest as provided by statute. *See* Tex. Fin. Code Ann. § 302.001 (Vernon 2016). We reject Hendrickson's contention that the evidence was insufficient to support the trial court's damages award.

We overrule Hendrickson's second issue.

12

## CONCLUSION

We overrule Hendrickson's issues on appeal and affirm the trial court's July 6, 2017 final judgment granting Heard's motion for traditional summary judgment.


/s/  William J. Boyce
    Justice


Panel consists of Justices Boyce, Donovan, and Wise.