**Affirmed and Opinion Filed June 6, 2022**



In The

# Court of Appeals

# Fifth District of Texas at Dallas

## No. 05-21-00396-CV

### QUALON DOUGLAS, Appellant
### V.
### FARMERS INSURANCE FEDERAL CREDIT UNION, Appellee

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-01704-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Pedersen, III
Opinion by Justice Partida-Kipness

This appeal arises from a debt collection suit brought by appellee Farmers Insurance Federal Credit Union (FIFCU) against appellant Qualon Douglas. Douglas appeals the trial court's order denying his motion to transfer venue and its judgment in favor of FIFCU. We overrule Douglas's issues and affirm the judgment.

## BACKGROUND

Douglas applied for a credit card from FIFCU in December 2011. At the time of the application, FIFCU provide Douglas with the written Cardholder Agreement and Disclosure Statement (Credit Card Agreement). FIFCU issued a credit card to Douglas, who then began using the credit card by receiving cash advances from

FIFCU and purchasing goods and services with the card. FIFCU maintains that Douglas breached the Credit Card Agreement by failing and refusing to make timely payments to FIFCU under the Credit Card Agreement. Douglas made a payment of $303.00 on January 14, 2020, and made no additional payments thereafter. As of June 20, 2020, the past due monthly installment payments totaled $1,848.00.

FIFCU sent Douglas a demand letter on June 24, 2020, notifying him of the default and demanding payment of all past due monthly payments owed to FIFCU under the credit card agreement. The letter informed Douglas that FIFCU would accelerate the maturity of the credit due and demand payment of the entire balance unless Douglas either paid the past-due amount of $1,848.00 by July 27, 2020, or disputed the validity of the debt within thirty days of receipt of the demand letter. Douglas did not cure the default or dispute the debt's validity. On August 5, 2020, FIFCU sent Douglas a second demand letter notifying Douglas that FIFCU had accelerated the debt and demanding payment of the full, unpaid principal balance of the account, plus all accrued and unpaid interest. The letter further informed Douglas that as of July 25, 2020, the balance due and owing was $15,934.76, consisting of $15,002.95 of principal, $756.81 of accrued interest, and $175.00 of late charges, with interest continuing to accrue after July 25, 2020. Douglas failed to cure the default, and FIFCU filed the underlying lawsuit to collect the debt.

FIFCU served Douglas with the lawsuit via certified mail return receipt requested sent to the address on Douglas's account: P.O. Box 260155, Plano, Texas

75026. The clerk's office filed an officer's return, noting the clerk served the petition on Douglas via certified mail on August 14, 2020. The signature on the green card was illegible. The P.O. box address was in Collin County.

On September 3, 2020, Douglas filed a pro se motion to transfer venue from Collin County to Dallas County. Douglas relied on the general and permissive venue statutes in support of his motion to transfer. TEX. CIV. PRAC. & REM. CODE §§ 15.002, 15.035. He alleged Dallas County was the proper venue under the general venue statute because Dallas County is where all or a substantial part of the events or omissions giving rise to the claim occurred, it is his county of residence, and Dallas County is more convenient for the parties. *See id.* §§ 15.002(a)(1), (a)(2), (b). Douglas also argued that Dallas County was the proper venue in an action to collect a consumer debt under the permissive venue statute. *See id.* § 15.035. In the signature block of his motion, however, Douglas listed his address as the Plano P.O. box. Douglas also listed the P.O. box as his current address on the supporting declaration he signed under penalty of perjury on September 1, 2020. On September 4, 2020, Douglas sent a letter to the court requesting a copy of the green card, and he used the P.O. Box on his letterhead. Douglas consistently used the Plano P.O. box as his address throughout his filings in the trial court and disclosed to the trial court no address in Dallas County as his residence.

FIFCU filed a response to the motion, arguing that Collin County was the proper venue because it was the county of Douglas's residence, the county where he

signed the Credit Card Agreement, and the county where all or a substantial part of the events giving rise to the action occurred. In support, FIFCU attached evidence that Douglas resides in Collin County, including his current voter registration card showing his residence address as an address in Collin County. A credit card statement attached to FIFCU's petition shows Douglas's address as the Plano P.O. Box. In addition, FIFCU argued that Douglas did not offer a residential address in Dallas County to support his motion. The trial court denied the motion to transfer venue.

Douglas filed a general denial on October 15, 2020. FIFCU served Douglas with written discovery, including FIFCU's First Request for Admissions, on October 22, 2020, by three separate service methods: (1) through the trial court's electronic filing and service system, (2) by email, and (3) by United States Postal Service (USPS) Certified Mail Return Receipt Requested, postage prepaid. The electronic delivery receipt from the trial court's electronic filing and service system shows that Douglas opened Plaintiff's First Request for Admissions on October 23, 2020, and opened the document again on October 27, 2020. The USPS online tracking information shows that the First Request for Admissions was picked up at the postal facility by an individual on November 20, 2020, and the green card shows it was signed for and received by Douglas on November 20, 2020. Douglas failed to respond to the discovery within thirty days of any of those service dates.

On March 26, 2021, FIFCU filed a traditional and no evidence motion for summary judgment, set the motion for hearing by submission on April 29, 2021, and served Douglas with notice of the hearing date. The only filings by Douglas after FIFCU filed the motion for summary judgment were his March 30, 2021 responses to FIFCU's written discovery; an April 22, 2021 motion to dismiss, which Douglas now contends was his response to the motion for summary judgment; and two summary judgment motions filed on April 28, 2021.

The trial court signed an order granting FIFCU's motion for summary judgment on April 29, 2021. In the order, the trial court stated that Douglas was properly and timely served with the motion but filed no response to the motion. The trial court awarded FIFCU the principal debt due of $15,002.95, plus post-judgment interest on the principal as set out in the Credit Card Agreement, pre-judgment interest, late charges, courts costs, $7,000.00 in reasonable and necessary attorney's fees through the date of judgment, and statutory post-judgment interest. The trial court also awarded FIFCU certain conditional attorney's fees in the event Douglas filed post-judgment motions or appealed the judgment. This appeal followed.

## ANALYSIS

In two issues, Douglas contends we should reverse the trial court's judgment because the trial court erred by denying his motion to transfer venue and granting FIFCU's motion for summary judgment. We will address each issue in turn.

## I.    Venue

We review a trial court's denial of a motion to transfer venue de novo and, thus, conduct an independent review of the entire record. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261–62 (Tex. 1994); *Cincinnati Ins. Co. v. Villanueva*, No. 04-20-00389-CV, 2022 WL 608962, at *1 (Tex. App.—San Antonio Mar. 2, 2022, no pet. h.) (mem. op.) (first citing TEX. CIV. PRAC. & REM. CODE § 15.064(b); and then citing *Wilson*, 886 S.W.2d at 260–62). "If there is any probative evidence in the record demonstrating venue was proper in the county where judgment was rendered, we must uphold the trial court's ruling." *Villanueva*, 2022 WL 608962, at *1 (citing *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.—San Antonio 1995, writ denied)).

The general venue statute provides that venue is proper (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. TEX. CIV. PRAC. & REM. CODE § 15.002. Further, section 15.035 provides permissive venue in certain contract cases:

> (a) Except as provided by Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place in that county by that writing, suit on or by reason of the obligation may be brought against him either in that county or in the county in which the defendant has his domicile.
>
> (b) In an action founded on a contractual obligation of the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use, suit by a creditor on or by reason

–6–

of the obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract or in the county in which the defendant resides when the action is commenced. No term or statement contained in an obligation described in this section shall constitute a waiver of these provisions.

TEX. CIV. PRAC. & REM. CODE § 15.035.

The contract at issue is a credit card agreement under which FIFCU extended credit to Douglas for personal use. Douglas maintains suit was not properly brought in Collin County because he is a resident of Dallas County. We disagree. FIFCU presented prima facie proof that Douglas resided in Collin County when suit was filed and signed the loan agreement in Collin County. Douglas presented no evidence to support his claim that he resided in Dallas County. Venue was proper in Collin County because this is a suit based on a consumer debt, and Douglas resided in Collin County when the suit was filed. *See* TEX. CIV. PRAC. & REM. CODE § 15.035(b). We overrule Douglas's first issue.

## II. Summary Judgment

In his second issue, Douglas seeks reversal of the trial court's summary judgment in favor of FIFCU. We review the trial court's grant of summary judgment de novo. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). We review the summary judgment evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex.

2014) (per curiam). When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm summary judgment if any of the grounds advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

No-evidence and traditional grounds for summary judgment may be combined in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004); *Coleman v. Prospere*, 510 S.W.3d 516, 518–19 (Tex. App.—Dallas 2014, no pet.). When a party moves for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Mims-Brown v. Brown*, 428 S.W.3d 366, 371 (Tex. App.—Dallas 2014, no pet.).

## A. No-evidence motion for summary judgment

In a no-evidence motion for summary judgment, the movant contends there is no evidence to support one or more essential elements of a claim on which the non-movant has the burden of proof at trial. TEX. R. CIV. P. 166a(i). Under Rule 166a(i), a no-evidence motion must specifically state the element or elements for which there is no evidence. TEX. R. CIV. P. 166a(i) (The party's "motion must state the elements as to which there is no evidence.") To satisfy this requirement, the party must specifically identify the challenged elements. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). The no-evidence summary-judgment rule's language mandates "strict enforcement of this requirement." *Id.* (first citing

*Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (holding that a no-evidence motion must specifically identify the challenged elements to satisfy Rule 166a(i)); and then citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339–42 (Tex. 1993)). "Thus, a no-evidence motion that lists each element of the plaintiff's claim and then asserts that the plaintiff has no evidence to support 'one or more' or 'any of' those elements is insufficient to support summary judgment because this language does not clearly identify which elements, whether some or all, are challenged." *Hansen*, 525 S.W.3d at 695–96 (first citing *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283–86 (Tex. App.—Dallas 2013, pet. denied); then citing *Dentler v. Perry*, No. 04-02-00034-CV, 2002 WL 31557302, at *5 (Tex. App.—San Antonio Nov. 20, 2002, no pet.) (not designated for publication) (holding that a no-evidence motion arguing that the plaintiffs "have no evidence of any of the elements of the causes of action" was insufficient as a matter of law); and then citing *Teel v. Am. Title Co. of Hous.*, No. 14-00-00375-CV, 2001 WL 1097862, at *2 (Tex. App.—Houston [14th Dist.] Sept. 20, 2001, pet. denied) (not designated for publication) (holding that motion alleging that there was "no evidence of ... any element of fraud" was inadequate because it did not identify any specific element)). Nor may a party challenge the factual theories or allegations underlying a claim without connecting that challenge to a specific element of the claim. *Jose Fuentes Co.*, 418 S.W.3d at 283. A no-evidence motion that fails to specifically identify the challenged elements "is fundamentally defective and insufficient to support summary judgment as a

matter of law." *Mott v. Red's Safe & Lock Servs., Inc.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Here, FIFCU's no evidence motion for summary judgment does not specifically identify the challenged elements. FIFCU simply states the following:

> Plaintiff now, pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure, moves for no evidence summary judgment based on Defendant's lack of evidence to support one or more of the essential elements of any affirmative defense that Defendant may have.

Such language is insufficient as a matter of law and does not support summary judgment. *See Hansen*, 525 S.W.3d at 695–96; *see also Jose Fuentes Co.*, 418 S.W.3d at 283; TEX. R. CIV. P. 166a(i). Because the judgment cannot be affirmed on no-evidence grounds, we turn our review to FIFCU's traditional motion for summary judgment.

**B.    Traditional motion for summary judgment**

With respect to a traditional motion for summary judgment, we require the movant to demonstrate the absence of a genuine issue of material fact and movant's entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant satisfies this burden, the non-movant then bears the burden of demonstrating a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

In his brief, Douglas asserts two reasons why we should reverse the summary judgment. First, he maintains that FIFCU's summary judgment evidence was

insufficient to support summary judgment. Second, he argues that he was never served with FIFCU's petition and, as such, "has a meritorious defense as to his failure to respond to the request for admissions." Both arguments lack merit.

### 1. Service and deemed admissions

Douglas's contention that he was never served with the lawsuit is not supported by the record, which shows service occurred on August 14, 2020. Indeed, Douglas appeared in the case and filed a motion to transfer venue on September 3, 2020, just twenty days after the petition was served. Moreover, to the extent Douglas's second argument is an attempt to overturn his deemed admissions, we overrule that issue. FIFCU served its First Request for Admissions on Douglas on October 22, 2020, by three separate service methods. The record shows that Douglas opened the request for admissions through the trial court's electronic filing and service system on October 23, 2020, and again on October 27, 2020. The record further shows Douglas signed for and received the request for admissions at a USPS postal facility on November 20, 2020. Douglas did not serve his responses to the request for admissions until March 30, 2021, more than four months later. Because Douglas failed to object to or timely answer the admissions, they were deemed admitted as a matter of law. *See* TEX. R. CIV. P. 198.2(a) ("The responding party must serve a written response on the requesting party within 30 days after service of the request."); TEX. R. CIV. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order.").

Deemed admissions may be employed as proof. *Resurgence Fin., LLC v. Taylor*, 295 S.W.3d 429, 433–34 (Tex. App.—Dallas 2009, pet. denied). "Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, they will fully support a judgment thereon." *Id.* "Answers constituting admissions of law, however, are of no effect and are not binding on the court." *Id.* (first citing *Esparza v. Diaz*, 802 S.W.2d 772, 775 (Tex. App.—Houston [14th Dist.] 1990, no writ); and then citing *Neal v. Wis. Hard Chrome, Inc.*, 173 S.W.3d 891, 894 (Tex. App.—Texarkana 2005, no pet.)); *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) (holding that unanswered requests for admissions are automatically deemed admitted unless court on motion permits withdrawal or amendment; once admitted, admission is a judicial admission, whether deemed or otherwise). Under this record, we conclude the trial court properly considered the deemed admissions in ruling on FIFCU's motion for summary judgment.

### 2. Sufficiency of the evidence

FIFCU sought summary judgment on its breach of contract claim. To prove its breach of contract claim, FIFCU was required to establish (1) the existence of a valid contract between Douglas and FIFCU, (2) performance by FIFCU, (3) breach of the contract by Douglas, and (4) damages sustained as a result of the breach. *See Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *see also James M. Clifton, Inc. v. Premillenium, Ltd.*, 229 S.W.3d 857, 859

–12–

(Tex. App.—Dallas 2007, no pet.). A binding contract forms when all the following are present: (i) an offer, (ii) an acceptance in strict compliance with the offer's terms, (iii) a meeting of the minds, (iv) each party's consent to the terms, and (v) execution and delivery of the contract with the intent that it be mutual and binding. *Dixie Carpet Installations, Inc. v. Residences at Riverdale, LP*, 599 S.W.3d 618, 625 (Tex. App.—Dallas 2020, no pet.); *Kelly v. Isaac*, No. 05-19-00813-CV, 2020 WL 4746589, at *9 (Tex. App.—Dallas Aug. 17, 2020, pet. denied) (mem. op.).

When the defendant does not file a verified denial of a written instrument, he waives any challenge to the genuineness of the execution of the instrument, and the document is received into evidence as fully proved. *George P. Bane, Inc. v. Ballard*, No. 05-19-01459-CV, 2021 WL 1084586, at *4 (Tex. App.—Dallas Mar. 22, 2021, no pet.) (mem. op.) (first citing TEX. R. CIV. P. 93(7); then citing *Lissiak v. SW Loan OO, L.P.*, 499 S.W.3d 481, 494 (Tex. App.—Tyler 2016, no pet.); and then citing *FFP Mktg. Co. v. Long Lane Master Trust IV*, 169 S.W.3d 402, 410 (Tex. App.— Fort Worth 2005, no pet.)). Here, Douglas filed an unverified general denial. He, therefore, waived any challenge to the genuineness of the execution of the instrument.

Further, Douglas's deemed admissions established each element of FIFCU's breach of contract claim except for the amount of damages. Those admissions included the following: (1) FIFCU issued him a credit card; (2) the credit card issued to him is subject to the Credit Card Agreement; (3) FIFCU sent him monthly

statements regarding the credit card account, and those statements showed all transactions associated with the credit card, including purchase charges, cash advances, accrued interest, late charges, credits, and payments; (4) by using the credit card to make purchases or to receive cash advances, he became obligated to abide by the terms of the Credit Card Agreement and promised to pay FIFCU the amounts due under the credit card account; (5) the account is due; (6) the monthly statement balances state the amounts then due to FIFCU after all offsets, payments, and credits have been allowed; (7) the monthly statements received are just and true; (8) he never objected to the amounts showing in the monthly statements as being owed by Douglas; (9) he purchased and received the goods and services shown in the monthly statements; (10) he never rejected or made any complaint regarding those purchases; (11) FIFCU is entitled to be paid all amounts due under the credit card account; (12) he did not respond to FIFCU's written demands for payment of the credit card account; (13) the allegations made by FIFCU in its pleadings are accurate; (14) FIFCU is entitled to the relief requested in the lawsuit; (15) payment was requested but has not been made; and (16) he is not entitled to any offsets or credits. We conclude these admissions establish the existence of a valid contract between Douglas and FIFCU, performance by FIFCU, and breach of the contract by Douglas as a matter of law.

In addition, FIFCU's evidence in support of summary judgment established the remaining elements of the breach of contract claim. FIFCU's original petition

–14–

provides a road map for the proof that it would later offer at summary judgment in support of its contract claim. FIFCU's petition alleged that FIFCU entered into a Credit Card Agreement with Douglas, FIFCU performed under the Credit Card Agreement by extending credit that enabled Douglas to make purchases from third-parties and obtain cash advances from FIFCU, Douglas breached the Credit Card Agreement by refusing and failing to pay the monthly payments under the Credit Card Agreement, Douglas did not respond to FIFCU's demands for payment of the overdue monthly payments and subsequently the accelerated total balance on the account, FIFCU was damaged by Douglas's breach, and the outstanding balance of the credit account was $15,002.95, plus interest of $756.81 to July 25, 2020, and $175.00 of late charges.

In support of summary judgment, FIFCU presented the affidavit of Alfonso Sanchez, a FIFCU Senior Loss Mitigation Specialist, with supporting documentation to support FIFCU's claim and motion. Sanchez's affidavit testimony and evidence attached to the affidavit established the allegations in FIFCU's petition. That evidence included a copy of FIFCU's credit card agreement terms, a monthly statement of Douglas's account for the period ending May 25, 2020, FIFCU's demand letters with executed green cards, FIFCU's First Request for Admissions with executed green card, printouts of USPS online delivery verification, and the trial court's electronic case information showing Douglas's receipt of the request for admissions. FIFCU also attached an affidavit of its counsel, Randyl Meigs, which

–15–

set out the amount of attorney's fees reasonably and necessarily incurred through trial and Meigs's opinion regarding the amount of reasonable and necessary fees FIFCU will incur responding to post-judgment and appellate filings.

Douglas filed no response in opposition to FIFCU's motion for summary judgment. Rule 166a requires the non-movant to file a response to the motion no later than seven days prior to the hearing. TEX. R. CIV. P. 166a(c). Douglas failed to do so here. FIFCU set the motion for hearing by submission on April 29, 2021. Douglas filed a "Motion to Dismiss Farmers Insurance Federal Credit Union's Complaint" on April 22, 2021, which was seven days before the hearing on the motion for summary judgment. In that "motion," however, Douglas asked the trial court to render judgment in his favor and did not respond to the arguments made by FIFCU in its summary judgment motion. We conclude this was not a response to the motion for summary judgment. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72–73 (Tex. 2008) (orig. proceeding) (noting that the nature of a motion is determined by its substance, not title, and a motion for new trial requesting only that the trial court "grant a new trial" does not equate to a motion to modify the judgment). Even if we were to construe the April 22, 2021 motion to dismiss as a response to FIFCU's motion, however, the evidence presented in support of that motion did not raise a genuine issue of material fact on any element of the breach of contract claim. Moreover, Douglas did not ask the trial court to withdraw or amend

the deemed admissions. The motion to dismiss, therefore, was insufficient to preclude summary judgment.

Douglas also e-filed two documents shortly before midnight on April 28, 2021. The first, filed at 11:41 p.m., was titled "Defendant's Amendment in Response to Plaintiff Farmers Insurance Federal Credit Union's Motion for Traditional and No Evidence Summary Judgment Against Defendant Qualon." Then, at 11:56 p.m., Douglas filed a corrected version of the amendment in response filed at 11:41 p.m. Although the word "response" is in the titles of these documents, the pleading did not respond to FIFCU's motion for summary judgment. Rather, those filings sought summary judgment in favor of Douglas. In other words, Douglas filed his own amended motion for summary judgment, not a response in opposition to FIFCU's motion. The trial court's summary judgment order, therefore, correctly states that Douglas did not file a response to FIFCU's motion.

However, even if we were to construe the April 28, 2021 motions as a response to FIFCU's motion, they were untimely because they were filed the day before the date set for the trial court to hear the motion by submission. As such, the trial court could properly disregard that filing. *See, e.g.*, *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002) (holding that plaintiff who failed to timely respond to defendant's summary judgment motion was not entitled to leave to file a late response). We conclude the trial court did not abuse its discretion in failing to consider an untimely response.

–17–

Because FIFCU's evidence and the deemed admissions established FIFCU's right to judgment as a matter of law, we conclude the trial judge did not err in granting summary judgment. We overrule Douglas's second issue.

## CONCLUSION

Venue was proper in Collin County, and the evidence was sufficient to establish FIFCU's right to summary judgment. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210396f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

QUALON DOUGLAS, Appellant

No. 05-21-00396-CV      V.

FARMERS INSURANCE
FEDERAL CREDIT UNION,
Appellee

On Appeal from the County Court at
Law No. 7, Collin County, Texas
Trial Court Cause No. 007-01704-
2020.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FARMERS INSURANCE FEDERAL CREDIT UNION recover its costs of this appeal from appellant QUALON DOUGLAS.

Judgment entered this 6th day of June 2022.